# JOHN P. GAUTZERT

*v.*

# WILLIAM HOGE.

1. PARTY PLAINTIFF AT LAW—*on simple contract.* It is well settled, as a general rule, that, in cases of simple contracts, the person for whose use the contract is made may maintain an action in his own name upon it, although the consideration does not move from him.

2. SAME—*on specialty.* But in the case of specialties, where there is a covenant with one person to pay another a sum of money, the latter can not maintain an action thereon, but suit must be brought in the name of the former.

3. Thus, where the purchaser of land executed to the vendor a mortgage to secure the purchase money, which contained a covenant on the part of the mortgagor to pay the mortgagee the sum of $600 in one year after its date, and also a covenant to pay a mortgage given by the mortgagee to a third party, of $550, on the same land, it was *held,* that such third party could not maintain an action of covenant on the mortgage, but that the suit should have been brought in the name of the mortgagee.

4. EVIDENCE—*parol, to vary written contract.* Parol testimony can not be received to vary the legal effect of a written instrument, but it must be construed as it is, unaffected by parol evidence beyond that of surrounding circumstances.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. MILLER & FROST, for the appellant.

Messrs. DENT & BLACK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of covenant, brought by William Hoge, the appellee, against John P. Gautzert, the appellant, upon a mortgage deed executed by Gautzert to Mathews, on the 30th day of September, 1868, to secure the purchase money due upon a sale, made by Mathews to Gautzert, of the real estate described in the mortgage. The plaintiff in the court below recovered, and the defendant appealed.

The point is made, that an action of covenant is not main-

tainable in the name of Hoge; that Mathews alone can sue upon the covenant contained in the mortgage deed.

Mathews had sold to Gautzert the land described in the mortgage, for the price of $1280, and executed a deed therefor to Gautzert September 30, 1868. The latter paid down $130, and, for the rest of the purchase money, gave his mortgage upon the land, of the same date with the deed. The material parts of the mortgage are as follows:

"I, John P. Gautzert, of the county of Grundy, and State of Illinois, do hereby grant, convey and transfer to John D. Mathews    *    *    the following described real estate,    *    * which real estate I declare to be in mortgage for the payment of $600 loaned to me,    *    *    and I hereby covenant to pay the said sum of money in one year.    *    *    The mortgagor also covenants to pay a mortgage of $550, dated September 1, 1868, to William Hoge, due in two years from date, and given by said mortgagee in this instrument."

The action is for a breach of the latter covenant. The Hoge mortgage was upon the same land, and contained a covenant by Mathews to pay the mortgage debt.

The rule upon the subject is thus laid down by Chitty: It is an inflexible rule, that, if a *deed* be *inter partes*, that is, on the face of it, expressly describe and denote who are the parties to it, (as, "between A of the first part, and B of the second part,") C can not sue thereon, although the obligation purport to be made for his sole advantage, and contain an express covenant *with him* to perform an act for his benefit. 1 Chit. Pl. 4.

If a deed-poll, being a deed not *inter partes*, contain a covenant *with* A, to pay B a sum of money, it may be doubtful whether B could sue in his own name. The covenant being *with* A, though for the benefit of another, and the contract being under seal, it would appear that, in such case, A should be the plaintiff. If, however, the covenant in a deed-poll be *generally* "to pay B," or be expressly *with him* to pay the money to him, there appears to be no difficulty in his maintaining an action in his own name, although he did not execute

the deed, and were, in all other respects, a stranger to it. Id. p. 5.

It is well settled, as a general rule, that, in cases of simple contracts, the person for whose benefit the promise is made may maintain an action in his own name upon it, although the consideration does not move from him. But there is a well understood distinction in this respect, between simple contracts and specialties. In the latter case we recognize the rule to be, as it appears to be recognized by Chitty, that, where there is a covenant with one person to pay another a sum of money, the suit should be in the name of the former. The instrument containing this covenant here in question we regard a deed-poll, but in our view the covenant is not expressly with Hoge to pay the mortgage to him, nor is it *generally* to pay Hoge, but we consider it one with Mathews, the mortgagee, to pay a debt the latter was owing to Hoge, which would be indirectly for the benefit of Hoge.

The covenant in question is not, in express terms, with Mathews; neither is it with Hoge. Mathews was a party to the mortgage, as mortgagee, to whom Gautzert conveys the land in mortgage, to secure the two remaining installments of the purchase money therefor, of $600 and $550. There is a covenant to pay the $600; there are covenants of title, that the mortgagee may sell upon failure of payment, and the instrument contemplates that there may be a sale for non-performance of any of the covenants therein.

All the other covenants are manifestly with Mathews, the mortgagee, though not in terms, and this particular covenant to pay Mathews' mortgage of $550 to Hoge, must be deemed to be made with the same party as the rest. It is a covenant to pay $550 of the purchase money due Mathews; but instead of being to pay it direct to the latter, it is to pay a mortgage of his to Hoge, of that amount. The only mention of Hoge in the covenant is, as a party to the $550 mortgage, by way of description of it. The party to this covenant must be either Mathews or Hoge. It can not well be said that they are both parties to it. To allow that Hoge is the covenantee, and the

sole right of action to be in him, this result would follow: that, upon the $550 mortgage becoming due, and not being paid, Mathews could not sue upon the covenant and enforce the remedy for its breach. Hoge might not choose to do so, but be content to repose upon the security of the mortgage, and Mathews' personal responsibility, until, ultimately, Mathews might himself have to pay this mortgage debt to Hoge, in whole or in part, and so be subject to be exposed to the loss, whole or partial, of the $550 part of the purchase money of the land sold by him to Gautzert.

We are of opinion that the covenant, in essence, was with Mathews, to pay him $550, part of the purchase money of the mortgaged land bought from him, by discharging a mortgage of his for that amount to Hoge, which Mathews was personally liable to pay, and that the suit should have been brought in the name of Mathews, and not in that of Hoge.

Mathews' title to the lands he mortgaged to Hoge appears to have failed, it having been a tax title; and, from extraneous parol proof which was introduced, it would seem that Hoge advanced the $550 to Mathews which the mortgage to Hoge secured, in reliance upon the purchase of the land to be made by Gautzert, and the personal guarantee to be given of the latter, that he would pay the money, and that, although the mortgage bears date September 1, 1868, the money was not actually advanced by Hoge until after the writings were executed between Mathews and Gautzert; though this was only between Mathews and Hoge, and unknown to Gautzert, there never having been any arrangement or understanding whatever upon the subject between the three together. If there were any such purpose as above, it was but imperfectly accomplished by the writings which were made.

We can not allow a written instrument to be varied by parol proof, but must construe it as it is, unaffected by parol evidence, beyond that of surrounding circumstances.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*