# ABRAHAM SANDUSKY ET AL.

v.

# POLLY NEAL.

PARTIES—SUIT ON BOND—MUST BE IN NAME OF PARTY HAVING THE LEGAL INTEREST.—In a suit upon a specialty, where there is a covenant with one person to pay another a sum of money, the action should be in the name of the former. So where A. and B. executed their bond to C. in the penal sum of $1,000, conditioned among other things that they would take care of one P. so long as she should live. In a suit against them for a breach of said condition; *held*, that P. could not maintain an action in her own name upon the bond as plaintiff; that C, the obligee in the bond, or his legal representatives in the case of his death, were the proper parties to bring suit for a breach of such condition.

APPEAL from the Circuit Court of Vermillion county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. MANN & CALHOUN, for appellants; that the plaintiff cannot maintain suit in her own name, cited 1 Chit. Pl. 3.

Messrs. EVANS & SWALLOW, for appellee; that the action was correctly brought in the name of the plaintiff, cited Bristow et al. v. Lane et al. 21 Ill. 194; Eddy et al. v. Roberts, 17 Ill. 505; Arnold et al. v. Lyman, 17 Mass. 401; Lawrence v. Fox, 20 N. Y. 268; Joslin v. New Jersey Car Spring Co. 26 N. J. Law, 141; Lamb v. Tucker, 42 Iowa 118; Putney v. Farnham, 27 Wis. 187; Bohanan v. Pope, 42 Me. 93; Brown v. Roger Williams Ins. Co. 5 R. I. 394; Carnegie v. Morrison, 2 Met. 381; Brewer v. Dyer, 7 Cush. 337; 9 Johns. 73; 12 Johns. 199; 8 Conn. 286: 13 Mass. 405; 6 Con. 261; 14 How. 453; Burr v. Beers, 24 N. Y. 178; Urquhart v. Brayton, 18 Albany Law Jour. 371.

LACEY, J. This was an action of debt brought in the Vermillion county Circuit Court by appellee against appellants, in which judgment was rendered in appellee's favor for $1,000 debt and $229.50 damages, debt to be discharged on the payment of damages. From this judgment appellants appeal to

this court. The foundation of the action was a bond in the following form:

"We, Abraham Sandusky, Jr., and Josiah Sandusky, are held and firmly bound unto Abraham Sandusky, Sen., in the penal sum of one thousand dollars, etc., which sum we jointly and severally agree to pay, and we hereby bind ourselves, our heirs, executors, administrators and assigns firmly by these presents. Sealed with our seals and signed by us, this 12, day of April, A. D. 1866. The condition of the above obligation is such that, whereas the said Abraham Sandusky has this day conveyed unto ——— all his personal property of every name and nature of which he is this day seized, for and on the following conditions: First, that we take care of him and pay all his debts and expenses so long as he shall live; second, that we take care of Polly, the black woman, so long as she shall live, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals, the day and year above written.

"ABRAHAM SANDUSKY, [SEAL]<br>"JOSIAH SANDUSKY,    [SEAL]

"Witness,
"JACOB YOPP."

The appellee averred in her declaration that she was Polly, the black woman, and that the condition made for her benefit had been broken by appellants, etc. That Abraham Sandusky, Sen., died on the 13th day of April, 1866.

The appellants demurred to the declaration. The court below overruled the demurrer, and appellees abiding by their demurrer, judgment was rendered as above stated. The action of the court in overruling the demurrer and rendering judgment is assigned for error. Was appellee the proper party to bring the suit?

The rule on this subject is thus laid down by Chitty:

"If a bond be given to A, conditioned for the payment of money to him for the use or benefit of B, *or* conditioned to pay the money *to* B, the action must be brought in the name of A, and B cannot sue for, or release the demand. In such case A is evidently a trustee and the obligatory part of the instrument

Sandusky et al. v. Neal.

and the acknowledgment of legal responsibility are to him."
1 Chitty Pl. 3.

The Supreme Court of this State have adopted the rule laid
down in 1 Chitty Pl. 4 and 5, in deciding the case of Gautzert
v. Hoge, 73 Ill. 30. We will not recite the text referred to and
set out at length in the opinion, but will give the conclusions
arrived at by the court. They say: "It is a well established
rule that in case of simple contracts the person for whose
benefit the promise is made may maintain an action in his own
name upon it, although the consideration does not move from
him. But there is a well understood distinction between simple
contracts and specialities, In the latter case we recognize the
rule to be as it appears to be recognized by Chitty, that where
there is a covenant with one person to pay another a sum of
money, the suit should be in the name of the former."

We regard the rule in the text (1 Chitty Pl., 3,) above cited,
still more applicable to the case at bar than that laid down by
the Supreme Court, for the reason that the instrument sued on
is a penal bond.

The facts in the case last cited were, briefly, that Gautzert
being indebted to one Matthews in the sum of $1,150 for the
purchase money on land, executed a mortgage to the latter on
the same land, in which he covenanted that the land should be
in mortgage for $600, borrowed money, by him, Gautzert, to
be paid in one year, and another covenant to pay mortgage
of $550, dated Sept. 1st, 1868, to William Hoge, due in two
years, and given by mortgagee, Matthews, to Hoge. The Su-
preme Court decided the mortgage to be a deed-poll. That
the covenant was not expressly nor generally to pay Hoge, but
with Matthews to pay a debt the latter was owing to Hoge.
The covenant was not in express terms with Matthews nor
with Hoge. But as the mortgage was given to secure the bal-
ance of the purchase money with a covenant to pay $600, with
covenant of title, and another providing for the sale of the land
for failure to pay, or for breach of any other covenant therein,
hence the court argues that as all the other covenants, though
not expressly, are really with Matthews, that the covenant to pay
the Hoge mortgage must be deemed to be with the same party.

Sandusky et al. v. Neal.

The court then decided that the suit should have been brought in the name of Matthews and not that of Hoge.

We regard the case at bar as more clearly falling within the rule there laid down than the one then under discussion.

By the terms of the bond in this case, appellees agreed to pay to Abraham Sandusky, Sr., the sum of $1,000, in case they should fail to perform either of the following covenants: 1st. Take care of and pay the debts and personal expenses of the obligee in the bond, as long as he should live. 2d. Take care of appellee as long as she should live. Hence in case of a breach of either condition, it is not left doubtful by the terms of the bond to whom the damages should be paid. The thousand dollar penalty of the bond is payable by its express terms to the obligee named therein, not to the appellee at all. By the construction given to such instruments by the courts, the penalty named in the bond stands for the amount that may be recovered in case of a breach, limited by the actual damages, not exceeding the penalty named. But the agreement to pay the penalty to the obligee remains, and is not altered by any construction given to such instruments by the courts. The payment of the penalty would discharge every possible breach. This case also comes within the other rule laid down by 1 Chitty Pl. 3, above quoted. That is, in case of a bond made payable to A, conditioned for the payment of money to him for the use of B, or conditioned to pay the money *to* B, the action must be brought in the name of A. In such case, A is regarded as the trustee, and the obligatory part of the instrument and the acknowledgment of legal responsibility, are to him.

This rule is in harmony, and is analogous to that laid down by the Supreme Court in the case above cited. That is, even in case of a deed-poll where it may be fairly deduced from the whole instrument that the contract is made with one party, the suit should be brought in the name of that party.

The bond in question, if not strictly a contract *inter partes*, is in its nature and essence the same; for though in case of the bond in question it does not recite that appellants were parties of the first part and the obligee party of the second part, yet

it does bind the appellants unto Abraham Sandusky, Sr., in the penalty of the bond, and it is in principle the same as the contract *inter partes.*

It follows, therefore, that Abraham Sandusky, Sr., the obligee in the bond, or his legal representatives in case of his death, should have brought this suit for the breach in case of the failure on the part of appellants to take care of appellee in accordance with the terms of the bond. We regard the error assigned well taken.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.