# MATTHEW T. SCOTT

## · v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

1.   REVENUE—SUIT FOR AMOUNT DUE ON FORFEITED PROPERTY—WHAT MUST BE SHOWN.—In a suit brought to recover the amount due on forfeited property, the plaintiff must prove the amount due; that the property has been forfeited, and that all the steps necessary to work a forfeiture have been taken.   To create a forfeiture there must have been a judgment, a process issued for the sale of the property, an offer for sale, and a failure to sell for want of bidders.

2.   BOND FOR A DEED—PARTIES.—The lots in question were listed and assessed in the name of appellant, he having a bond for a deed of the same from T. and W., reciting therein that on payment of the balance of the purchase money and all the taxes assessed against the lots, a deed should be executed, etc.   Held, that this bond, if it could confer any right of action on, T. and W. against appellant on a failure to pay the taxes, could only be construed as a covenant by appellant with them to pay to the State a debt for which they were liable, and for the breach of which they alone could sue.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Scott v. The People.

Messrs. Stevenson & Ewing, for appellants.

Mr. J. W. Fifer and Mr. Robert B. Porter, for appellee; that the tax is a personal debt and liability, and the lien attaches to other than the identical property taxed, cited Hill v. Figley, 23 Ill. 418; Dubuque v. I. C. R. R. Co. 39 Iowa, 56; Geneva v. Cole, 61 Ill. 397; Ryan v. Gallatin Co. 14 Ill. 78; Dunlap v. Gallatin Co. 15 Ill. 7; Baltimore v. Howard, 6 Har. & J. 383; Dugan v. Baltimore 1 Gill. & J. 499; Burroughs on Taxation, 4, 253; Cooley on Taxation 300.

Aside from the provisions contained in Sec. 230, distress is not the only way to collect taxes: Geneva v. Cole, 61 Ill. 397; Ryan v. Gallatin Co. 14 Ill. 78; Dunlap v. Gallatin Co. 15 Ill. 7.

The contract in the bond is for the benefit of those to whom the taxes are due, and can be enforced by them: Beasley v. Webster, 64 Ill. 458; Steele v. Clark, 77 Ill. 471; Brown v. Strait, 19 Ill. 88; Eddy v. Roberts, 17 Ill. 505; Bristow v. Lane, 21 Ill. 194.

Davis, J.   This was an action of debt commenced by appellee to recover from appellant an amount claimed to be due on forfeited property.  The court below rendered a judgment in favor of appellee for $345.88 and costs of suit, from which judgment appellant appeals, and assigns for error the rendition of said judgment against him.

The suit was brought under section 230 of chapter 120 of the Revised Statutes, entitled " Revenue," which provides that " The county board may at any time institute suit in an action of debt in the name of the People of the State of Illinois, in any court of competent jurisdiction, for the amount due on forfeited property."

On the trial below no evidence was offered by appellant, and judgment was rendered on the following evidence produced by appellee:  First.  A list of lands and town lots situated in the county of McLean, etc., on which the taxes remain due and unpaid for the year 1876, which list embraces four town lots listed in the name of appellant, and which list is accompanied

Scott v. The People.

by the affidavit of the collector required by law.   Second.  The record of a judgment rendered by the County Court of McLean county against the lands and lots in said county delinquent for the taxes levied and assessed thereon for the year 1876, and for special assessments, back taxes due for former years, and costs, etc., which judgment covers the said four lots listed to appellant.   Third.  A list of lands, town and city lots, in McLean county, forfeited to the State in 1877 for taxes; and Fourth. A bond for a deed from Toms and Weed to appellant for the conveyance to him of said four lots, with others, on payment of the balance of purchase money and the payment of the taxes which might thereafter accrue on said land.   To all of which evidence appellant at the time objected, and preserved his objections by exceptions taken at the proper time.

The only question which we deem necessary to notice, is whether the foregoing evidence sustains the judgment rendered by the court below.

Section 230 above cited permits such suits to be brought to recover the amount due on forfeited property.   Without determining the question whether, in such suits, it is necessary for the plaintiff to go behind the judgment and prove title in the defendant and an assessment of the property against which the judgment is rendered, it is clearly incumbent on him to prove the amount due and that the property has been forfeited, and that all the steps necessary to work a forfeiture have been taken.   To create a forfeiture, there must have been a judgment, a process issued for the sale of the property, an offer of the property for sale, and a failure to sell for want of bidders.

Section 194 of same Chapter, page 291 of Revised Statutes of 1874, provides that, " The County Clerk shall before the day of sale make a record of the lands and lots against which judgment is rendered, which shall set forth the name of the owner, if known, the description of the property, the total amount of judgment on each tract or lot, and the year or years for which the same is due, in the same descriptive order as said property may be set forth in the judgment book, and shall attach thereto a copy of the order of the court, and his

certificate that such record is correct.    Said record so attested shall be the process on which all real property or any interest therein shall be sold for taxes or special assessments, as well as the record for the sale of such property."

Section 201 of same chapter provides that, "The collector in person or by deputy, shall attend at the court house in his county on the day specified in the notice * * * * * * and then and there between the hours of * · * * proceed to offer for sale separately and in consecutive order, each tract of land or town or city lot," &c.

Section 203 provides that, "Every tract or lot so offered at public sale and not sold for want of bidders, shall be forfeited to the State of Illinois."

And section 199 provides that "all tracts or lots forfeited to the State at such sale, shall be noted on said record," referring to the record specified in section 194.

In this case only one of the steps necessary to be taken to create a forfeiture was shown in evidence, and that was the judgment rendered by the County Court.    No process authorizing the sale, no offer to sell, no sale for want of bidders and no forfeiture to the State were shown.    There was an entire failure to show the existence of those facts necessary to be proved, and which were required to be made matters of record by the provisions of the several sections above referred to.

There appears a paper in the record as offered in evidence, headed "A list of lands, town and city lots in McLean county forfeited to the State in 1877, for taxes," but where it comes from is not shown.    There is no certificate of any clerk attached to it showing it to be a copy of any paper or record of a court.    It gives the numbers of certain lots, but whether in Bloomington or some other city or town in McLean county, does not appear, and no persons are indicated as being the owners of the lots specified, or in whose names listed.    It comes far short of meeting the requirements of sections 194, 199 and 203, and proves nothing.

The bond of Toms and Weed to appellant for a deed, introduced in evidence, is under seal, and the rule that the person for whose benefit a contract is made may maintain an action in

his own name upon it, although the consideration does not move from him, applies to simple contracts only.

In case of specialties, the rule is that where there is a covenant with one person to pay another a sum of money, the suit should be in the name of the former. Gautzert v. Hoge, 73 Ill. 30; Sandusky et al. v. Neal, (*ante* 624) decided at this term of this Court.

The bond in question, if it could confer any right of action on Toms and Weed against appellant on a failure to pay the taxes, could only be construed as a covenant by appellant with them to pay to the State a debt for which they were liable, and for the breach of which bond the former alone could sue.

We think the evidence offered in the case does not sustain the judgment of the court below, and therefore it must be reversed and the cause remanded.

Judgment reversed.