48   331
112  141
48   331
s12NW 205
130   1305

THE HALL MANUFACTURING COMPANY OF GRAND RAPIDS v. AMERICAN RAILWAY SUPPLY COMPANY.

*Estoppel from denying power to contract or value of consideration*

Where one who has contracted with a corporation for the exclusive right to manufacture and sell a certain patented article, has received the full benefit of the contract, he cannot, in an action against him thereon, deny the authority of the corporation to make the contract, especially if the stockholders are satisfied.

Where a contract for the exclusive right to sell a patented article on payment of a royalty is made by a person who owns a conflicting patent, and the agreement is made for the express purpose of avoiding any conflict and for dividing the royalty, he cannot, in an action against him on the contract, question the validity of the plaintiffs' patent.

Error to Superior Court of Grand Rapids. Submitted April 20. Decided April 25.

ASSUMPSIT. Defendant brings error. Affirmed.

*E. A. Maher* for appellant. A contract made by a corporation is invalid if not within the corporate franchises : *Bank of Michigan v. Niles* 1 Doug. (Mich.) 401; *Orr v. Lacey* 2 Doug. (Mich.) 230; *Thompson v. Waters* 25 Mich. 214; *Chapman v. Colby* 47 Mich. 46 ; but see *Rock River Bank v. Sherwood* 10 Wis. 237 ; while a contract which is generally within the scope of corporate powers, but is, in some particulars, in excess of these powers, may be enforced, a contract which the corporation has no legal authority to make, is illegal and void : *Madison Plank Road Co. v. Watertown Plank Road Co.* 7 Wis. 58 ; *Northwestern Union Packet Co. v. Shaw* 37 Wis. 655; *Dietrich v. Madison Relief Association* 45 Wis. 79 ; *Littlewort v. Davis* 50 Miss. 403 ; *Gold Mining Co. v. National Bank* 96 U. S. 640 ; *Germantown Ins. Co. v. Dhein* 43 Wis. 420 ; the consideration necessary to support a contract must be something beneficial to one party, or disadvantageous to the other, or to persons whom the parties

represent: Bishop on Contracts Q. 420; *Sanford v. Huxford* 32 Mich. 313; the grant of an interest or right under a void patent is not a valid consideration for a promise by the grantee: *Eureka Company v. Bailey Co.* 11 Wall. 488; *Harlow v. Putnam* 124 Mass. 553; *Bliss v. Negus* 8 Mass. 46; *Dickinson v. Hall* 14 Pick. 217; *Bierce v. Stocking* 11 Gray 174; *Lester v. Palmer* 4 Allen 145; *Nash v. Lull* 102 Mass. 60; *Howe v. Richards* 102 Mass. 64; *Jackson v. Allen* 120 Mass. 64; *Rich v. Hotchkiss* 16 Conn. 409; *Nye v. Raymond* 16 Ill. 153; *Hawes v. Twogood* 12 Iowa 582; *Scott v. Sweet* 2 Green (Iowa) 224; *Cross v. Huntly* 13 Wend. 13; *Head v. Stevens* 19 Wend. 411; *McDougall v. Fogg* 2 Bosw. 387; *Dunbar v. Marden* 13 N. H. 317; *Geiger v. Cook* 3 Watts & S. 270; *Darst v. Brockway* 11 Ohio 471; *McClure v. Jeffrey* 8 Ind. 82; *Mullikin v. Latchem* 7 Blackf. 136; *Clough v. Patrick* 37 Vt. 421; *Rowe v. Blanchard* 18 Wis. 441.

*Burch & Montgomery* and *James R. Wylie* for appellee. State courts have no jurisdiction to determine the validity of patents (*Elmer v. Pennel* 40 Me. 430) but can enforce agreements to pay royalties for licenses to make, sell or use patented articles (*Merserole v. Union Paper Collar Co.* 3 Fish. Pat. Cas. 483) and the patent is presumed valid: *Birdsall v. Perego* 5 Blatch. 251; *Kinsman v. Parkhurst* 18 How. 289; *Wilder v. Adams* 2 Woodb. & M. 329; *Pitts v. Jameson* 15 Barb. 310; Herm. on Estoppel § 466; one who has received full consideration for his agreement must perform it: *Cuthbertson v. Irving* 4 H. & N. 742; *Jackson v. Waldron* 13 Wend. 128; *Parkhurst v. Kinsman* 1 Blatch. 489.

MARSTON, J. The plaintiff, a corporation organized under the act approved May 1st, 1875, providing for the incorporation of manufacturing companies, entered into an agreement with the defendant giving the latter the sole and exclusive license and right to manufacture and sell a certain patent rail upon a royalty to be paid therefor. The defendant manufactured and sold a certain number of tons and this

action is brought to recover the royalty due therefor.   The defendant alleges that the contract was one the plaintiff had . no authority to enter into as it thereby abdicated a specific corporate function for a period of seven years.

The defendant should have thought of this sooner and not waited until, after receiving the full benefit of the contract, it was called upon to perform on its part.   Evidently the defendant does not set up this defense in the interests of the plaintiff or its stockholders, who seem to have been satisfied with the contract and made no objection thereto.

But was this contract an abdication of any of the plaintiff's corporate powers?

The purposes for which the plaintiff was organized, were to engage in the manufacture and sale of this rail, and to sell rights and to grant license to manufacture on royalty or otherwise under the same, also buying, manufacturing and selling railroad rails, spikes, etc.

One of the objects specified was to sell rights and grant licenses to manufacture this rail on a royalty, and this was just what it did do in entering into this agreement with the defendant.   In other words, it made a contract within the very letter of its charter.   We think this contract was binding and that the defendant must carry out its part of the same.

It is in the second place said that this agreement was not made upon a valuable consideration, as the patent referred to was void.

This question we think is not open to controversy in the present case.   The contract shows that the defendant, at the time of this agreement, was the owner of the patent with which this is supposed to conflict, and that this agreement was entered into apparently to avoid any conflict, and in order that the royalty should be divided.   The defendants therefore are in no position to question the validity of the plaintiff's patent in the present action brought to recover a royalty earned or due on account of rails manufactured and sold thereunder.

The judgment will be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.