ALEXANDER T. MILLER ET AL.

v.

SARAH A. KINGSBURY.

*Administration—Action of Debt on Bond—Parties—Surviving Partner —Pleading—Practice—Evidence—Damages—Measure of.*

1. The legal right of action on a bond running to an administratrix for the benefit of the estate, is in such administratrix in her individual capacity.

2. In general, the action must be brought in the name of the one in whom the contract vests the legal interest. When the contract is under seal, the action must be in the name of the obligee, though the agreement be for the benefit of another.

3. The measure of damages upon the breach of an undertaking faithfully to discharge the duties of a surviving partner, is the amount which would have been received in case of performance.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. J. F. CARROT and J. H. WILLIAMS, for appellants.

A default simply admits the cause of action as laid in the declaration, and when the damages rest in computation, as when the amount of the debt is fixed by the instrument sued on, the plaintiff need not prove the execution of the instru-

ment, but the damages may be assessed upon the production of the instrument; but even then the instrument must be produced. Tidd's Practice, Vol. 1, 578; Greene v. Hearne, 3 T. R. 301; 1 Suth. on Dam., 774, note; Roscoe, Ev. (10th Ed.), 71; Meyer v. Phillips, 72 Ill. 460; McKenzie v. Penfield, 87 Ill. 38.

But when there is anything necessary outside of the instrument sued on, in order to fix the amount of damages, a default does not admit anything more than the cause of action, and the amount of damages must be proved.

Mr. WILLIAM McFADON, for appellee.

The question in this case is not as to the person to whom the money sued for upon the bond in controversy shall be paid when collected. Chadsey, Adm'r, v. Lewis, 1 Gilm. 153; Manlove v. McHatton, 4 Scam. 95.

The simple question is, has the suit been brought by the party in whom the legal interest is vested? Lovejoy v. Steel, 18 Ill. App. 281; 1 Chit. on Plead., p. 2; Newhall v. Turney, 14 Ill. 339; Larned v. Carpenter, 65 Ill. 544.

The instrument being a bond under seal, the obligee is the proper party to sue upon it. 1 Chitty on Plead., 3, 4; Saunders v. Filley, 12 Pick. 554; Johnson v. Foster, 12 Met. 167; Mellan v. Baldwin, 3 Gray, 486.

In the case of the bond in suit, the legal interest is clearly in Sarah A. Kingsbury. 1 Chit. on Plead., 2–4, and cases cited.

This is true though the promise is to Sarah A. Kingsbury, administratrix, and her successor or successors in office, the test of the truth of this proposition being that, in the event of her death, not her successor in office, but her executor or administrator, would have to bring suit for a breach of the condition. Stevens v. Hay, 6 Cush. 230, and many cases cited; Lovejoy v. Steele, 18 Ill. App. 283, and cases cited.

The promise in the case at bar is to Sarah A. Kingsbury, administratrix (not as administratrix), and the words "administratrix, etc.," are *descriptio personæ*, and may be rejected as surplusage. Newhall v. Turney, 14 Ill. 338; Jeffries v. McLean, 12 Mo. 540; Bradley v. Graves, 46 Ala. 277.

The duty of a surviving partner to settle the copartnership business and pay off the firm debts exists independently of any action of a court, but the County Court has full power to enforce the duty. Miller v. Jonas, 39 Ill. 60; McKean v. Vick, 108 Ill. 375; Nelson v. Hayner, 66 Ill. 492; Rev. Stat. 1874, Chap. 3, Sec. 89.

The bond in this case being for performance of a certain thing, viz., the faithful discharge of the duties of a surviving partner, the measure of damages in the case is the value of the performance. 2 Suth. on Dam., 611; Lewis v. Crockett, 3 Bibb, 197; Robertson v. Morgan, Adm'r, 3 B. Mon. 307; Cannon v. Cooper, 39 Miss. 384; Rev. Stat. 1874, Chap. 3, Secs. 85, 89.

WALL, J. The appellee brought an action of debt upon a penal bond against the appellants.

A demurrer to the declaration was overruled and the defendants abiding by their demurrer, the damages were assessed at $1,818.47. Judgment was rendered accordingly from which an appeal is prosecuted to this court.

There are nine different assignments of error, which, in substance, raise the points that the declaration was not sufficient; that the court erred in assessing the damages at the amount stated, in overruling the motion in arrest and in rendering final judgment.

The bond was given by appellants pursuant to an order of the Circuit Court of Adams county entered in a certain suit in chancery brought by appellee, administratrix of Albert B. Kingsbury, deceased, against appellant, Alexander T. Miller.

Albert B. Kingsbury, deceased, and the said Alexander T. Miller were partners up to the death of said Kingsbury, and, as shown by the recitals of the bond, the object was to secure the faithful performance of the duties devolving on the surviving partner. The condition of the bond relied on in the present suit was in these words: "Now, therefore, if the said Alexander T. Miller shall faithfully discharge his duties as the surviving partner of the late firm of Miller & Kingsbury, composed of the following members, to wit: said Albert B.

Kingsbury, deceased, and said Alexander T. Miller, the said Alexander T. Miller being the surviving partner of said Albert B. Kingsbury."

By way of assigning a breach of this condition, it was alleged that, after the execution of the bond, the said Miller reported to the County Court that he had in his hands over and above all outlays the sum of $3,772.59, and was ordered by said court to pay to the outside creditors of the firm, as shown by the schedule, forty per cent. upon their respective claims within one day from the date of the order, and that he pay out the residue, *pro rata*, within ten days; that although he paid out the forty per cent. he neglected and refused to pay the proper *pro rata* of the residue to one of the named creditors, the First National Bank of Quincy, although requested, etc.

The main objection taken to the declaration below seems to have been that the suit was not brought by the plaintiff *as* administratrix.

The undertaking was with appellee after the death of her intestate, and while she is described as Sarah A. Kingsbury, administratrix of the estate of Albert B. Kingsbury, deceased, the latter words are mere *descriptio personæ.* The agreement was with her in her individual capacity, and while the benefit of whatever she might recover would inure to the estate and its creditors, yet the legal right of action was hers. She was, therefore, the proper person to bring the suit.

We are of opinion the cause of action was alleged with sufficient technical accuracy. Had the promise been made to the deceased, it would have been proper to declare as administratrix; but as it was made to the plaintiff, although on account of, and in respect to, the estate in her charge, it was proper to lay the demand in her individual capacity. 2 Williams on Executors, Chap. 2; Newhall v. Turney, 14 Ill. 338.

In general, the action must be brought in the name of the party in whom the legal interest is vested by the contract, and when the contract is under seal the action must be in the name of the obligee, though the agreement may be for the benefit of another. 1 Ch. Pl. 2, 4; Ganzert v. Hoge, 73 Ill. 30;

Moore v. House, 64 Ill. 1 '2. The declaration was good and the court properly overruled the demurrer.

So far as the condition upon which the breach is assigned was concerned, there was not occasion to wait for an order of the Circuit Court. Had the breach been assigned upon another condition contained in the bond for an accounting with the plaintiff, after the payment of partnership debts, it may be that the phraseology of that condition would require such an order.

The most important question is as to the measure of damages. The undertaking was to faithfully discharge the duties of Miller, as surviving partner.

He agreed to do this and failed. Because of this failure, the estate is liable to pay to the creditors the amount not paid by the surviving partner. This was not a mere contract of indemnity, but it was an absolute agreement to discharge a specified obligation, and it would seem clear that the true measure of damages, whether we consider the creditor, who would have received the money, or the estate, which must now pay it, is the value of the contract if it had been performed. 2 Sutherland on Damages, 611, and cases there cited.

The demurrer admitted all the facts well pleaded, and we think the *data* were so clearly alleged that the court might well have assessed the damages, except that perhaps it was necessary to prove when the demand was made from which time interest was computed.

As to all else, there was no occasion for any oral or other evidence. The testimony which the court heard was mainly to the identification of the various matters alleged in the declaration and admitted by the demurrer. Mass. M. Life Ins. Co. v. Kellogg, 82 Ill. 614.

The appellants suffered no injury by the action of the court in this respect.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*