PERFECTION SOCKET CO. *v.* AMERICAN FORGING & SOCKET CO.

1. APPEAL AND ERROR—RES ADJUDICATA—DECISION NOT CONTROLLING ON RETRIAL ON DIFFERENT ISSUE.
   On retrial, a former opinion of the Supreme Court is not the law of the case where the record presents a substantially different issue of fact.

2. CONTRACTS—PATENTS—EVIDENCE—LIABILITY FOR USE OF DEVICE.
   In an action to recover royalties under a contract by which defendant was given the right to use a patented device or any improvement theretofore made thereon, and a modified form of the patent was used, on the issue as to whether said modified device was the work of plaintiff and therefore covered by the contract, or whether it was the work of defendant's employees, evidence *held*, to justify a finding in favor of plaintiff.

Error to Wayne; Dingeman (Harry J.), J. Submitted January 24, 1923. (Docket No. 72.) Decided March 23, 1923. Rehearing denied July 19, 1923.

Assumpsit by the Perfection Socket Company against the American Forging & Socket Company for royalties due under a contract. Judgment for plaintiff. Defendant brings error. Affirmed.

*Arthur P. Hicks,* for appellant.

*William Henry Gallagher,* for appellee.

CLARK, J. This case is reported in 209 Mich. 497, which see. There a new trial was granted unless plaintiff chose to remit a judgment of $3,311.28 to $2,148.36. Plaintiff did not remit. A second trial resulted in a verdict and judgment for plaintiff for $3,221.44. Defendant brings error. Plaintiff owned certain patents for automobile bow sockets. A contract of May 8, 1917, in consideration of a royalty of 6 cents per set, gave defendant the exclusive right "to manufacture the above mentioned socket, under the above mentioned patents, also any improvement heretofore made upon the same, and any improvement that may hereafter be made." * * * The important patent covered a five-bow socket, of which there was no production, there being no demand. There was a demand for four-bow sockets. So the five-bow design was modified and reduced to a four-bow. The four-bow socket was in existence on May 8th when the contract was made. Its manufacture was contemplated. Defendant exhibited it to a customer and secured, on May 15th, a contract to manufacture it. It was made and supplied to the trade. Defendant paid royalty to plaintiff. On June 24, 1918, defendant notified plaintiff that it would not further recognize the contract, that it had never used or manufactured the device covered by the patents, and that the royalty paid had been paid under mistake. It is conceded here that defendant, having recognized the contract and proceeded under it, is liable for unpaid royalties

up to June 24, 1918, in the sum of $2,267.28. The question submitted to the jury was stated by the trial judge:

"Now, it is conceded here by the defendant that it is liable for the sockets manufactured and sold by defendant up to June 24, 1918, at which time the defendant company sought to terminate the contract between the parties; and the question for you to determine, gentlemen of the jury, is whether or not there is any liability on the part of the defendant company for the sockets manufactured and sold by defendant from June 24, 1918, until the commencement of this suit, on August 26, 1918. The determination of that question, gentlemen of the jury, and that presents practically the single issue of fact for you to determine, depends upon your answer to this question: Did Mr. Schimmel, as claimed by the plaintiff, in behalf of the plaintiff, suggest the reducing of the five-bow top to a four-bow top, and acting in conjunction with Warren Stoller, an employee of the defendant, using the five-bow socket as a basis, work out the reduction of this five-bow top to a four-bow top? The plaintiff claims in this case that he did; while the defendant insists that the four-bow top was the product of Mr. Stoller, an employee of the defendant company, assisted by Mr. Rathbun of the defendant company, and the defendant makes the claim that before Mr. Schimmel did anything in connection with the matter, if he did do anything toward the development of the top in question, that Mr. Stoller, the defendant's employee, had had prepared a drawing of the four-bow top, and had consulted a patent lawyer with a view to obtaining a patent thereon, and that he had transferred his interest in the invention to the defendant company.

"Was this four-bow top a product of Mr. Schimmel on behalf of the plaintiff company, as claimed by the plaintiff, or was it the product of the combined efforts of the employees of the defendant company?

"Upon your answer to that question, gentlemen of the jury, will depend your verdict. Upon your answer to that question will depend whether the plaintiff is entitled to recover for the sockets manufactured

and sold after June 24, 1918.   If this four-bow socket was the product of Mr. Schimmel, as claimed by the plaintiff, then your verdict will be for the plaintiff for the full amount of its claim, namely, $3,221.44, which represents the sockets manufactured and sold by the defendant company up to the time of the commencement of this suit, with interest.   If it was the product of Mr. Stoller, or the product of Mr. Stoller and others, acting for the defendant company, then your verdict will be for the plaintiff for the sum of $2,267.28, which represents the royalty on the sockets manufactured and sold by the defendant company to June 24, 1918.

"If one is the owner of an invention or device, another person may contract with him to pay him a royalty for the use of this invention or device, whether or not such invention or device is patented."

There was evidence to make the issue indicated in the charge of the court.   The jury found that the four-bow device was the invention of plaintiff.   It is also indicated that in making the contract the parties contemplated the manufacture and sale of such device. The language of the contract "and any improvement heretofore made" should be noted.   In the former opinion we said:

"We have already seen that the patents mentioned in the contract did not cover the sockets which were in fact made.   It must be assumed that the reference in the contract to the patents had some purpose."

And—

"In the instant case after the contract was made both parties acted under it until defendants gave notice of rescission.   We think, under the facts disclosed by this record, they had a right to give this notice, and that they should pay royalties up to the time of the rescission."

It is urged that such former opinion is the law of the case.   But the record here is substantially

different. Here there is definite and positive evidence that the four-bow device was the invention of plaintiff and that its manufacture was contemplated by the contract. The rule of the law of the case may not be applied to a substantially different record. See *Mutual Life Ins. Co.* v. *Hill,* 193 U. S. 551 (24 Sup. Ct. 538); *Winkleman* v. *City of Adrian,* 151 Mich. 519; *Porth* v. *Cadillac Motor Car Co.,* 209 Mich. 92; *American Ins. Co.* v. *Martinek,* 216 Mich. 421. And upon the facts of this record the trial judge properly held in denying a motion for judgment notwithstanding the verdict:

"The record on the second trial is the same as on the former with one exception. At the second trial proof was introduced to the effect that one of the plaintiff's officers was the inventor of the device which it was determined was being manufactured and sold by defendant under the contract between the parties. This claim was disputed by defendant and the issue was submitted to the jury, who found for the plaintiff. The situation thus presented is as follows: The parties entered into a written contract by which defendant agreed to pay a certain royalty on a device covered by certain patents held by plaintiff. The device contemplated by the parties and actually manufactured by defendant was not covered by the patents referred to in the contract. The device which defendant is manufacturing is the invention of plaintiff, an unpatented device. The inventor of an unpatented device may make a valid contract for its manufacture, use or sale. It is no objection to the validity of such a contract that any person may manufacture it until the patent is issued. The vendee or licensee, in the absence of fraud or mistake, must abide by his conduct. This is a matter of contract between the parties."

On the record here presented defendant appears to have been without right to give the notice of rescission of the contract. See *Hamilton* v. *Park & McKay Co.,* 112 Mich. 138; *Hall Manfg. Co.* v. *Supply Co.,*

48 Mich. 331; *Atlas Press Co.* v. *Eames,* 206 Mich. 588.

Other questions are suggested by counsel, but we find no reversible error.

Judgment affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.