# JOHN S. MILLER *et al.*

*v.*

# GEORGE G. MCMANIS.

1. PLEADINGS—*stipulation—waiver of want of issues.* Where the parties at the trial in the court below stipulated that either party might offer any legal evidence as to the actual state of accounts between them, on issues of fact made up in the cause, so as to have a trial on the merits, without reference to questions as to the form of such pleadings, or form of action, or defense: *Held,* that it waived the demurrer to a portion of the pleas and dispensed with the necessity of having issues of fact formed on them. On the trial under this stipulation the court could admit all evidence that could have been under formal and well drawn pleas, and the court was not governed by the pleas on file.

2. EVIDENCE—*bar of former judgment—different parties.* In a suit between two persons, a judgment between other parties than those to the action pending can not be used as a bar to a recovery, nor can such a judgment between the same parties be so used unless the former suit was for the identical same cause of action, and the same breaches sued for in the action being tried.

3. PLEA *of former recovery—evidence under.* A plea of former recovery is not sustained by the record of a judgment on an agreement of a different date, nor is such evidence admissible because of the variance. Nor can the record of a judgment on an agreement entered into in 1864, be read in evidence, under a plea of former recovery, to an action on contracts entered into in 1863 and 1866. This proof is variant and does not sustain the plea.

4. AGREEMENT—*performance.* Where parties agree upon the terms of a contract which is to be reduced to writing but never was, and the parties on one side avail themselves of the benefits of the proposition, and go on under this agreement as though it had been in writing, the parties acting under it, and receiving all the benefits of the agreement, can not be heard to say that it was understood between them that the contract was not to be binding unless reduced to writing. Having availed themselves of all the benefits of the contract, they must be bound by its provisions.

5. VERDICT—*excessive.* Where the agreement was to pay the plaintiff a certain sum for each machine sold in certain territory named, when the money should be collected for which such machines were sold, it was error to instruct the jury that they might allow such sum for each machine sold outside of the territory named when collected, and the jury having acted under the instruction and allowed such sums, the verdict was excessive, and a new trial should have been granted.

6. VERDICT—*where regular.* Where two suits between the same parties are consolidated into one, it is not error in the jury, trying the consolidated suit, to render but one verdict, and if it had been, still the objection was waived by failing to make any objection to it in the court below.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

George G. McManis brought two suits in debt, in the Bureau circuit court, against John S. Miller and Jacob Chritzman. The alleged ground of recovery was for the use of a patent right, which plaintiff held for the manufacture and sale of the "Luper Patent Corn Cultivator," in the counties of Bureau, Knox, Henry and Stark, in this State. The claim was based on two separate contracts, the first a written, and the second a verbal contract.

Plaintiff only claimed to own the patent right for these counties. By the terms of the first contract, plaintiff was to receive five dollars for each machine sold in the spring of 1864, and six dollars for each machine sold in 1865 and 1866. Under the verbal contract, he was to receive two dollars for each machine manufactured and sold in these counties during the season of 1867.

These suits were subsequently consolidated into one. On the trial this stipulation was entered into by the parties:

" It is agreed in this cause, that either party may offer any legal evidence as to the actual state of the account between plaintiff and defendants on the issues of fact made up in said cause, so as to have a trial on the merits of said issues, without reference to questions as to the form of such pleadings or the form of action or defense, saving to plaintiff, that no evidence is to be offered as to matters heretofore excluded by the court and saving to defendants the right to traverse any breach of said contract not already traversed by them."

A trial was had by the court and a jury, and the jury returned a verdict against the defendants for the sum of

$1200 debt. Defendants thereupon entered a motion for a new trial, which the court overruled and rendered judgment on the verdict. They thereupon prayed and perfected this appeal.

Messrs. ECKELS & KYLE, for the appellants.

Messrs. HARVEY & TRIMBLE and Mr. GEORGE S. PADDOCK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first urged, that the court below erred in rendering judgment while the demurrer was undisposed of to defendants' tenth and eleventh pleas. On the trial in the court below, the parties entered into this stipulation :

" It is agreed in this cause, that either party may offer any legal evidence as to the actual state of the account between plaintiff and defendants on the issues of fact made up in said cause, so as to have a trial on the merits, on said issues, without reference to questions as to the form of such pleadings or the form of action or defense, saving to plaintiff that no evidence is to be offered as to matters heretofore excluded by the court, and saving to defendants the right to traverse any breach of said contract not already traversed by him."

This stipulation obviated the necessity of settling the pleadings in the case. It authorized either party to introduce any evidence pertinent to the state of accounts in the case, so that a trial could be had on the merits. Either party could, and no doubt did, produce the same evidence they would have done had formal and well framed pleas been filed. Under the stipulation, the court was to determine what was proper evidence—what constituted a cause of action or defense—and it was not governed by the pleadings on file. If the pleas to

which the demurrer was filed presented no defense, then plaintiff could, under the agreement, object to the evidence offered to prove the facts set up, and relied on in them to defeat the action. It changed the decision on the averments in the pleas, from the demurrer, to the admissibility of evidence to prove the defense set up by the pleas. This stipulation waived all question as to the form of the action, the decision of the demurrer, and provides for a trial on the merits.

It is next urged, that the court below erred in excluding the judgment in the case of *George G. McManis* v. *Miller, Glosson & Chritzman,* from the jury. It will be observed, that the parties to the two suits are not the same. The suit in that case was on a contract, described as having been entered into in August, 1864, while the suits consolidated and presented by the record now before us, were upon contracts entered into, one in 1863 and the other in 1866. The first plea under which this judgment was offered, duly avers that the suit was brought on the identical covenants sued on in this case, but it fails to state that the recovery was had for damages growing out of the same breaches assigned in this declaration. There is no rule of practice more firmly established, than, to form a bar, the former recovery must be for the identical same cause of action. In this the plea is defective, as it contains no such averment. But if it did, the record, when produced, varies from the averments of the plea, as the breach in that case was on a different contract, bearing a different date, and not that described in the plea. The record was, therefore, properly rejected under this plea.

The second plea, of former recovery, is substantially the same, but more specific in its averments. It does aver that the suit in which it was filed was on the same covenants, and to recover pay for the same cultivators for which this suit is brought. But, on examination, the declaration in the former suit, as we have seen, is on an agreement entered into in 1864, and these suits are on the agreements of 1863 and 1866, and hence there was a clear and fatal variance. But even had the

9—57TH ILL.

record been properly admissible under these pleas, we see from the evidence and from the verdict, the jury could not have considered any claim under the contracts of 1863 and 1864, as the sum found clearly indicates that they only allowed two dollars for each of the six hundred machines manufactured, sold, and the money received, after the contract of 1866 was made.

It is, however, urged, that the evidence fails to establish any contract entered into in 1866. Miller, one of the defendants, swears there was a verbal agreement that they should go on and pay appellee two dollars on each machine they should manufacture, but it was to be reduced to writing, which was never executed. He also says they did not intend to infringe or pirate upon his patent. He says he presumes they manufactured the machines under the verbal agreement. Appellee states substantially the same in regard to the terms of the agreement. But he calls it an agreement, and also an agreement for an agreement. Chritzman says he refused to sign the contract when presented, unless appellee would bind himself to indemnify them against suits for using the patent. He says there was no contract; and appellee says it was not to be binding, unless reduced to writing. Appellants, however, went on and manufactured machines, and unless they had given appellee notice that it was not under the proposition verbally made and accepted, he had a right to consider that it was under the verbal agreement.

If one person makes a proposition to another, and without any formal acceptance the latter proceeds to avail himself of the proposition, that will be a virtual acceptance, and he will be as fully bound as if he had, in terms, accepted the offer. Or if a contract is entered into and the terms agreed upon, and it is understood that it shall be in writing, and the parties perform the agreement, or one of them, without the objection of the other, enters upon the performance of the agreement, the contract, unless of the character required by the statute to be in writing, will be as binding as if reduced

to writing as agreed. The writing gives no additional force or validity, except in cases arising under the statute of frauds. It is not the agreement, but the evidence of its terms and conditions. The agreement is the meeting of the minds in accord on the various propositions embraced in the contract. From the evidence in the case, we think the jury were warranted in finding the machines were manufactured under an agreement to pay two dollars on each.

It is however urged, that the verdict was excessive in the amount found by the jury. It is contended that, granting there was a binding agreement under which the machines were manufactured, still, under the agreement of 1864, which was renewed by the verbal arrangement of 1866, appellants were limited in the payment to the number of machines sold in the counties of Knox, Henry, Stark and Bureau, which embraced appellee's territory. That agreement provides that appellants and Glosson should pay appellee "the sum of two dollars and fifty cents for each and every cultivator so manufactured and sold by them, and manufactured by them and sold by the party of the first part, within said territory, as his patent fee for the use of said territory; the two dollars and fifty cents to be paid as soon as the parties of the second part shall receive payment for such cultivators so sold, but not before in any case." This language, in terms, limits the payment of royalty to the machines sold in those counties, and then not till the money for which they were sold should be collected. It then follows, that the court below erred in instructing the jury that appellee might recover for the number of machines sold outside of those counties, when they had collected the price for which they were sold; and the verdict was excessive, so far as it embraced the machines sold in other counties.

The evidence tends to show that less than three hundred machines had been sold, after the contract of 1866 was entered into, and the money collected. As the verbal agreement revived the contract of 1864, except they were to pay but two dollars on the machine, even if there had been three hundred

sold and the price collected, it would have made but six hundred dollars. It seems, from the amount found, that the jury must have allowed for many machines sold outside of appellee's territory, and in this there was error, for which a new trial should have been granted.

If appellee may recover for the manufacture of machines in his territory and sold outside of it, it can not be done on the pleadings in this case. Even if the circuit court could be held to have jurisdiction in such a case, there is no count in the declaration claiming damages on that ground.

The objection that there should have been two separate verdicts rendered by the jury, one under each declaration, is not, we think, well taken. Appellants made no objection when the verdict was returned, in his motion for a new trial, or at any other time in the court below. They must therefore be considered as waiving any irregularity, if it existed. But the cases being consolidated, and the stipulation for a trial on the merits having been entered into, we fail to perceive that any other than the verdict rendered by the jury was required.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*