BRADY, guardian, *vs.* PRYOR *et al.*

The distribution of the assets of an estase was submitted to arbitrators, who awarded certain realty to each of the heirs, equalizing them by awarding payment of money to some of them.   The arbitrators then summed up the choses in action of the estate in the hands of the administrator, placing among them a claim against one of the heirs, and awarded that a proportionate part be distributed to each heir, and that the portion of the heir alleged to be indebted be ap-plied to her indebtedness:

*Held*, that the inclusion among the assets or the estate of a chose in action against the heir, was not conclusive as to the legality or binding effect of such claim.   That question remained open, and the heir was not estopped from denying it, when it was sought to be enforced.

(*a.*) To make the judgment in one suit binding in another, there must be not only identity of parties, but also identity of subject-matter.

October 3, 1882.

Arbitrament and Award.   Judgments.   Before Judge CRISP.   Sumter Superior Court.   April Adjourned Term, 1882.

Reported in the decision.

GUERRY & SON, for plaintiff in error.

E. G. SIMMONS; HAWKINS & HAWKINS, for defendants.

SPEER, Justice.

The plaintiff in error filed her petition against W. A. Pryor and Lou Pryor, his wife, to foreclose a mortgage on certain real estate, mortgaged to her by defendants, to secure sundry notes signed by them, as set forth in the mortgage, and to secure the payment of which said mortgage was given.   One of the defendants, W. A. Pryor, filed no defence.   Lou Pryor pleaded that the debt upon which the foreclosure was sought, was the debt of her husband, W. A. Pryor, and she was only a security therefor; that the land mortgaged was her separate estate and property, and neither she nor her estate was bound in law for said debt.   A trial was had upon this issue, and a verdict rendered in favor of the defendant, Lou Pryor. Whereupon plaintiff made a motion for a new trial on various grounds that appear in the record, which was overruled, and she excepted.   All the errors assigned and com-

plained of in the motion for new trial, rest ultimately upon the question, whether the award rendered in settling and distributing the estate of Wright Brady, Sr., deceased, precluded Mrs. Lou Pryor from setting up and insisting on her defence; whether the award, as a judgment, concluded her as to said defence, or estopped her from pleading the same to the foreclosure on said land.

The court below held that she might, notwithstanding said award and judgment thereon, establish the fact, that the debt was not her debt; that the award did not conclude her upon this issue; and further, that she was not estopped from setting up her defence, and so instructed the jury; and these are the main points of errors complained of.

It appears from the record that Wright Brady, Sr., died in 1871, intestate, leaving as his heirs at law a widow and five children, three of whom were minors; that, under a bill filed by one of the heirs against plaintiff in error, as temporary administratrix on his estate, touching said estate, all of the heirs at law, including Lou Pryor, wife of W. A. Pryor, and the three minor heirs, by their guardian, entered into a submission, by the terms of which the estate of Wright Brady, deceased, was to be distributed to the heirs, after the payment of certain debts on certain terms therein agreed upon by said heirs at law; that the arbitrators named in said submission made an award, in which they conformed to the agreement of said submission as to the division of the real estate among the heirs, and then proceeded to award certain sums, to be paid out of said estate to certain of the heirs, to equalize their share with others of the heirs who had received advancements in the lifetime of the intestate. Having thus disposed of the real estate and equalized the shares of the heirs as to advancements, the arbitrators then proceeded to distribute a surplus of assets still in the hands of the administratrix, yet undisposed of, and in their award say, "We find that the assets in the hands of said Jane Brady, temporary

administratrix, belonging to the estate of Wright Brady, deceased, as follows," (and after reciting various choses in action and evidences of debt in the hands of the adminis-tratrix for distribution), they find as a part of said assets an account for advances and crop liens on same, against W. A. and Lou Pryor, $1,283.00. Note on W. A. Pryor, $180 00. The award proceeds, and after aggregating these assets, etc., determines that they shall be distributed to the heirs equally, and awards to each heir as the share of each the sum of $359.33. And further award, that said sum of $359.33 awarded to Wright Brady, Jr., and Lou Pryor, shall be set off and applied as credits on the amounts due by each of them to the estate of Wright Brady, deceased, above set forth in the assets of said estate.

It further appears that the award was subsequently made the judgment of the court without objection.

Further, it was shown, that after said award W. A. Pryor and Lou Pryor, in the liquidation and settlement of said ac-count thus recited as due by W. A. and Lou Pryor to the estate of the intestate, executed the notes set forth in the mortgage sought to be foreclosed, and, to secure the same, they gave their mortgage upon the land Lou Pryor had received as a distributee of her father's estate under said award.

Plaintiff in error insists that, by the terms of said sub-mission and award to which Lou Pryor was a party, the debt therein mentioned as being due by W. A. Pryor and Lou Pryor to the estate, was adjudged to be the debt of both, and this award estops and concludes her from now denying the same and setting up her present defence; The court below held the award did neither estop nor con-clude Lou Pryor, and allowed her evidence and defence, and this is the main error assigned in this record.

In his charge to the jury, the court said : "One question now made is as to whether that determination or that state-ment of the arbitrators as to this indebtedness of W. A. and Lou Pryor's indebtedness to the estate for advances

and crop liens, is a judgment that is binding and conclu-
sive upon Mrs. Lou Pryor. That is one question which
is made in the case, and an important one, whether that
statement in the award of what they find among the
assets of the estate is binding upon Mrs. Lou Pryor. I
don't believe it is. I don't think that it was the intention
of the arbitrators; when they were making that part of
the judgment, they were giving a statement of what were
the assets of the estate; while it was true Mrs. Pryor was
a party to the arbitration and award, it is also true that
the question of her indebtedness to the estate was not
particularly in issue, or if it was, I don't think in that
clause of their award they have stopped to open that
question; they have stopped only to determine what the
assets of the estate were, and to set them out in the
award."

We understand the rule to be that an award, when ren-
dered in conformity to law and made a judgment of the
court, "shall be final and conclusive between the parties
as to all matters submitted to the arbitrators." Code
4242. In settling and distributing this estate among the
heirs, was it the duty of the arbitrators to enquire into
the legality of every chose in action included in the assets
of said estate.? It is true, their duty was to aggregate all
of the property of said estate as submitted to them by
the administratrix and others interested, and distribute
the same, but were they empowered in the submission, or
did they undertake so to do to ascertain, by evidence or
otherwise, whether the assets submitted to them in the
form of choses in action were debts *bona fide* and legally
due the intestate by those charged therewith? The sub-
mission was entered into to settle the estate and distri-
bute to the heirs what assets there were, either real or
personal; but we presume their investigation did not ex-
tend into an inquisition as to the character of title the
estate had to these assets. As they were submitted as
assets, their duty was to treat them as such, and simply

divide them, leaving to the administratrix the duty, on the one hand, of enforcing their collection and division under the award, and remitting the parties charged to their rights of defence against recovery, if any they had. We must agree with the court below, that a mere statement or recital in an award as to choses in action, as to amounts and against whom charged, is not such a judgment as could conclude a person, though a party thereto, from denying and showing that the recital or statement was error.

Mr. Freeman, in his work on judgments, says: "To make a matter *res adjudicata* there must be a concurrence: 1st, of identity of the subject-matter; 2d, of the cause of action; 3d, of persons and parties; 4th, in the quality of the person against whom the claim is made." Freeman on Judgments, §252; 3 Kansas, 397; 30 La., 861; 2 Bouv. Dic., title *Res Adjudicata*.

According to the rule in Massachusetts, the court will inquire, 1st, whether the subject-matter of the controversy has been brought in question and within the issue in the former proceeding, and has terminated in a regular judgment on the merits; 2d, whether the former suit was between the same parties in the same right or capacity, or their privies claiming under them; 3d, whether the former judgment was before a court of competent jurisdiction. 1 Gray, 299; 57 Ill., 126; 13 Mich., 75.

The main question under the arbitration was to distribute the estate of the intestate, Brady. Did these arbitrators have authority or jurisdiction to determine, under their submission, whether W. A. and Lou Pryor were indebted to said estate? And could they have pronounced a judgment thereon and enforced the same by execution? They were duly empowered to divide the lands of said estate, as per agreement, among the heirs, but could they pass upon the soundness of the title held by said estate to those lands? Was the subject-matter of this controversy within the issue in the former proceeding, and did it terminate in a regular judgment on the merits? We

can see nothing in the recitals or judgment of this award that leads us to such a conclusion.

This identity between the two suits must be, 1st, iden_tity of subject-matter; 2d, identity of cause of action; 3d, identity of purpose or object. While a concurrence of these identities usually attends when one case is determined by the decision in another, yet the second named only is indispensable to impart a conclusive effect to a former judgment. Were the causes of action the same? One was a suit to distribute the estate; the present is a suit to collect a debt claimed to be due by reason of said distribution.

Was the identity of purpose or object of the two suits the same? To make a former judgment on the merits conclusive between the same parties, it must appear that the question to be determined in the second action is the same question judicially settled in the first. Freeman on Judgments, 253.

The effect of a judgment upon a subsequent action involving the same issues but a different, though similar, subject-matter, has recently been very fully considered in the Supreme Court of the United States. The conclusion there reached is, that when an issue is in fact litigated and determined, such determination is conclusive upon parties and privies, in any subsequent action in which the same issue is in question, though the subject-matter of the action be different. But to invoke successfully this rule, it must be shown that in the former action the issue was in fact litigated and decided. It is not sufficient that it was there so involved that it might have been litigated. 94 U. S., 351; *Ib.*, 423; *Ib.*, 606. Applying this rule, so clearly settled by the highest tribunal, to the question at bar, and we are forced to the conclusion that the plea of *res adjudicata,* relied upon here by the plaintiff, was properly overruled in the construction of this award; and, as there was sufficient evidence to sustain the plea of Mrs. Pryor to this suit, and the law was fairly submitted,

we are not disposed to reverse the judgment refusing a new trial.

Judgment affirmed.