### JOHN C. EDWARDS ET AL.
### v.
### MICHAEL HUSHING ET AL.

*Replevin—Omnibuses and Horses—Agency—Chattel Mortgage—Fraudulent Procurement of Execution of—Practice—Refusal by Court to Submit Case to Jury—Tender—Evidence—Opening and Closing.*

1. In an action of replevin brought to recover property seized under a chattel mortgage, given to secure a promissory note and the payment of rent, this court holds as erroneous the action of the trial court in taking from the jury the question as to the execution of the mortgage, and whether it was fraudulently procured.

2. In the case presented, it was error to permit the defendant to open and close the case, the *onus* being upon the plaintiff, in view of his replication averring tender, and fraud in procuring the execution of the instrument.

3. A court may decline to submit a case to the jury and direct a verdict for defendant where it is apparent that the evidence will not warrant a verdict for the plaintiff, and that such verdict if returned must be set aside.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. A. OLLER, for appellant.

Messrs. PALMER & SHUTT, for appellee.

WALL, P. J. This was an action of replevin by the appellants against the appellees for two omnibuses and two horses. Several pleas were filed, but all were withdrawn except the second, which set up as a defense that the property was taken and detained under a chattel mortgage made by plaintiffs to the defendant Mary McWilliams, to secure the covenants of a lease, and the payment of a note for $19, and seizure of the property for the amount due on the note, and for unpaid rent due on the lease. To this plea there were replications, first, denying the execution and delivery of the chattel mortgage; second, that after the seizure plaintiffs had tendered $30, which was all that was due; refusal by defendants to accept, and money brought into court; third, denying that the right of property was in the said Mary McWilliams. After the first trial of the cause, the plaintiffs, by leave, filed an additional replication, in which it was averred that the execution of the mortgage was procured by fraud in this, that Robert McWilliams, the husband and agent of Mary McWilliams, by misrepresenting the contents of the chattel mortgage, and by fraudulently misreading the same to the plaintiffs, induced them to sign it, and that plaintiffs, not suspecting the instrument contained anything other than, or in addition to the articles as read over by said Robert, did sign and acknowledge the same, when in fact it contained the words "one

other bus," whereby was mortgaged one of the omnibuses in question, which plaintiffs did not intend, and expressly refused to include in said mortgage. On this last replication and the evidence, and ruling of the court regarding it, arises the principal controversy in the case.

The plaintiffs and two other witnesses, Hattie Hecker and Augusta Marburger, strongly support the allegations of the replication, while another witness, Seago, though not going so far, corroborates them. Here were five witnesses whose testimony, with more or less force, tended to prove the issue thus presented by the plaintiffs.

The justice of the peace before whom the instrument was acknowledged, stated that he went to the plaintiffs, taking the mortgage, saying he had come to get them to acknowledge it, and that he asked them if he should read it to them, and they said it was unnecessary ; that McWilliams had read it to them. It had been signed before he went there, and he then certified to the acknowledgment.

The testimony on behalf of plaintiffs is more or less contradicted by the testimony of Robert McWilliams, Ben McWilliams and R. N. Paden, as to the circumstances attending the execution of the mortgage.

In this state of the proof, the court instructed the jury that there was no evidence tending to prove the replication denying the execution of the mortgage, and not sufficient evidence tending to prove the replication charging the mortgage was procured by fraud and circumvention, and that the only question for the consideration of the jury was as to the amount due from plaintiffs on the mortgage. It is assigned as error that the court thus took from the jury the question as to the execution of the mortgage, and whether the instrument was procured by fraud and circumvention.

With reference to the acknowledgments of deeds, it has been held repeatedly that the certificate of the officer can not be impeached, even as between the immediate parties to the instrument, without clear and satisfactory proof of fraud, collusion or imposition, and that the unsupported evidence of the grantor will not avail for such purpose.

Giving the same weight to a certificate of acknowledgment of a chattel mortgage, the point here is whether there was such want of evidence of fraud as to justify the court in taking the question from the jury. The officer did not collude with McWilliams, and there is nothing to induce the belief that the mortgagee was guilty of any improper conduct; but if the testimony of the plaintiffs and their witnesses is to be credited, there was gross misconduct, amounting to actual fraud, on the part of McWilliams, the agent of the mortgagee, and for whose action she is responsible; and while such proof is contradicted, yet, had the jury found the issue for the plaintiffs, we can not say the court would have been required to set aside the verdict. The rule on this point was announced in Simmons v. C. & T. R. R., 110 Ill. 348.

Where the evidence, with all the inferences justifiably to be drawn from it, is so insufficient to support a verdict for plaintiff that such a verdict if returned must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for defendant. And so we think the court may direct the jury on any issue when the evidence is in such a state. The converse, of course, is true. In our opinion it was error to take this question of fact from the jury.

We do not determine, for we are not called on to do so, whether the jury should have found the one way or the other, but hold merely that the evidence offered by the plaintiffs was of such a character as to entitle them to have the jury pass upon it.

The court permitted the defendant to open and close the case, and this was, we think, erroneous.

Although there was but one plea justifying the taking and detention under the mortgage, yet, by the replications of tender of the amount due, and that there was fraud in procuring the execution of the instrument, the *onus* as to these matters was upon the plaintiffs, and holding the affirmative as to these, they had the right to open and close.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*