## Frank Hettinger, Jr., v. H. P. Beiler.

1. BUILDING CONTRACTS — *What is Not an Acceptance.*— Where a person having a house constructed, moved in before it was finished, the mere fact of his occupancy, not to the exclusion of the contractors, is not to be held against him as conclusive evidence of his satisfaction with and acceptance of the work to be performed, either by the contractors or the architect and superintendent.

2. SAME—*Acceptance a Question of Fact.*—Whether there is an acceptance of the work or not, is a question for the jury.

3. PRACTICE—*Right to Open a Case.*—The right to open a case to the jury is established by immemorial usage, and is universally recognized under our system of jurisprudence, in all cases, at least, of unliquidated damages.

4. SAME—*Opening Statements—Discretion of the Court.*—The discretion of the court as to the scope of the opening statements by counsel, either in point of time or relevancy, will not be interfered with on

Hettinger v. Beiler.

review, except in cases of arbitrariness amounting to abuse, but such discretion can not extend to a denial of the right.

5. Same—*Statements—When Not Waived.*—The fact that the defendant did not make his opening statement before the evidence of the plaintiff was begun, is no waiver of his right to make a statement of his case to the jury, especially as the suit was begun before a justice of the peace and was not based on any pleadings.

6. Same—*The Defendant May Reserve His Opening Statement to the Close of the Plaintiff's Evidence.*—While it is not uncommon for the defendant to follow the plaintiff with his opening, so as to have a statement of both the case that is expected to be made out, and of the defense thereto, before the jury, in advance of taking any evidence, such a course is not obligatory upon the defendant. He may, if the plaintiff has made an opening statement, reserve his to the close of the plaintiff's evidence.

**Memorandum.**—Assumpsit, originally brought before a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed June 4, 1894.

The opinion states the case.

Eastman & Schumacher, attorneys for appellant.

Kistler & Joslyn, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

As stated by counsel for appellant, the errors relied on in this appeal arise upon the rulings of the court with reference to the introduction of evidence, the refusal of the court to permit appellant's counsel to make an opening statement to the jury, and the refusal of the court to permit appellant's counsel to examine his witnesses.

The suit, originally begun before a justice of the peace, and brought to trial in the Superior Court under the provisions of the short cause calendar act, was to recover for services rendered by the appellee, as an architect, under a contract with the appellant to prepare plans and specifications, and superintend the construction of a house.

The defense was that the appellee had failed to perform the contract, whereby the appellant had suffered damages which he sought to recoup against appellee's claim.

During the examination of the appellant as a witness, it appeared that he moved into and occupied a part of the house before it was completed, and upon the theory that by having done so he accepted the work, offered evidence of a substantial and material kind, affecting the question of the performance by appellee of his contract, was excluded by the court.

The architect was not the contractor, also, for the work, but his duty under his contract was to superintend the work done by the contractors, see that it was all done, and done properly, and when done to issue the usual architect's certificates.

As tending to show failure to perform by the appellee, the plans and specifications prepared by the appellee were offered in evidence, and the failure of various contractors to whom the appellee had issued final certificates, to do their work in accordance therewith, was offered to be shown, but upon the theory that the work had been accepted by the appellant, all such evidence was objected to and excluded. The only evidence that tended to show an acceptance of the work by the appellant consisted in the fact that he had moved into the house.

In opposition to a conclusion of acceptance by such action, the appellant testified explicitly that he never did accept the house as a completed one.

The house as constructed belonged to the appellant; he moved in before it was finished, and the mere fact of his occupancy, not to the exclusion of the contractors, should not be held against him, as conclusive of his satisfaction with, and acceptance of, the work to be performed either by the contractors or the architect and superintendent.

It was at least a question for the jury whether there was an acceptance or not. Estep v. Fenton, 66 Ill. 467.

In the absence of anything more conclusive upon the question of acceptance, we think that, at least, the offered evidence referred to, and some other evidence offered in the same line, was erroneously excluded.

Another alleged error arises out of the court's refusal

to permit the appellant to make an opening statement to the jury.

After the plaintiff had rested his case, counsel for the defendant, the appellant here, began a statement to the jury, and was interrupted, as follows:

Mr. Schumacher (attorney for defendant): May it please the court and gentlemen of the jury, our defense in this case is this: That Mr. Beiler, the plaintiff in this case, agreed to act as architect for the building at 147 Illinois street—

Mr. Kistler (attorney for plaintiff): It seems to me that this is a case in which we waived the opening.

The Court: I believe there was no opening. If you say, in a word, what your defense is, I will hear you.

Mr. Schumacher: I wish to make an opening statement to the jury.

Mr. Kistler: I object. He had a right and waived it.

The Court: Call your witness.

Mr. Schumacher: I would like to have a ruling.

The Court: I have ruled. You can make no opening statement to the jury.

To which ruling of the court the defendant then and there duly excepted.

The right to open a case to the jury is established by immemorial usage, and is universally recognized under our system of jurisprudence, in all cases, at least, of unliquidated damages. See Sec. 76 to 1 Greenleaf on Evidence, and cases cited in note 4.

Numerous cases in this State recognize the right, in their discussions of which party has the right to the opening and closing in particular cases, and the effect of an erroneous ruling thereon. Edward v. Hushing, 31 Ill. App. 223; R. R. Co. v. Bryan, 90 Ill. 126; Kells v. Davis, 57 Ill. 126; Huddle v. Martin, 54 Ill. 261; Carpenter v. First Nat. Bk., 119 Ill. 353; Rigg v. Wilton, 13 Ill. 15.

The discretion of the court as to the scope of the opening statements by counsel, either in point of time or relevancy, will not be interfered with on review except in rare cases of arbitrariness amounting to abuse, but it would not seem

that such discretion can extend to a denial of the right altogether. Ayrault v. Chamberlain, 33 Barb. 229; Scripps v. Reilly, 35 Mich. 371; 1 Thompson on Trials, Sec. 266; 3 Chitty's General Practice, 878, *et seq.*

It seems to be conceded by the arguments on both sides, that no opening statement was made by the plaintiff. The fact that the defendant did not make his opening before the evidence of the plaintiff was begun, was no waiver of his right to make a statement of his case to the jury. The suit was begun before a justice of the peace and was not based on any pleadings.

Without any opening statement by the plaintiff, there was nothing, until after the plaintiff's evidence was in, upon which the defendant could base a statement of what the defense was, and it was as to his defense that his statement must in the main be confined.

While it is not uncommon for the defendant to follow the plaintiff with his opening, so as to have a statement of both the case that is expected to be made out and of the defense thereto, before the jury, in advance of taking any evidence, such a course is not obligatory upon the defendant. He may, if the plaintiff has made an opening statement, reserve his to the close of the plaintiff's evidence.

But where the plaintiff makes no opening statement, and where there are no pleadings, it would be absurd for the defendant to make a statement of his defense before the plaintiff's evidence had been heard, and it is opposed to all reason to argue that he waived his right to make an opening at all, because he did not insist upon making it in advance under such circumstances.

The authorities with reference to the time when the opening statement of the defendant is to be made, are all, as a matter of right, in favor of it being done at the close of the plaintiff's case.

" Regularly the defendant's opening statement is not made until the evidence for the plaintiff has been heard and the plaintiff has rested. He then introduces his case by an opening statement." 1 Thompson on Trials, Sec. 270.

" When the plaintiff's counsel have closed the evidence in

support of the opening speech, the leading counsel for the defendant in his turn is to address the jury." 3 Chitty's Gen. Practice, 903.

With reference to the complaint that the appellant was cut off from his right to a full examination of his witnesses, we will only remark that there does not appear to have been such an abuse of the duty and power of the trial court to expedite and regulate the trial, as to warrant a review of the proceedings in that regard.

The inducements to counsel for the defense to unnecessarily prolong the trial are frequently very powerful, and a judge, mindful of his duty and dignity, must be accorded very great liberty to check any undue tendency in that regard which may appear to him.

On the other hand, the duty of the court to expedite business, should never extend so far as to amount to deprivation of a right.

It was not intended that the enactment of the short cause calendar act should operate oppressively, and the party who causes a suit to be placed on the calendar under the provisions of that act, when it is apparent from the nature of the suit that a fair hearing can not be had within the hour, should be held, in the practical administration of the act, to equally as strict accountability for imposition on the court, as his adversary who may seem to subvert the intent of the act by unduly tardy methods in presenting his side of the case.

It must be an extreme case when a court of review will interfere with a discretion of the trial court in such a matter. For the errors indicated the judgment of the Superior Court will be reversed and the cause remanded.