## 5166. QUITMAN FURNITURE AND HARDWARE COMPANY *v.* ROUNTREE.

1. Where a deed to secure the payment of a debt contains a power of attorney, authorizing the grantee to sell the conveyed property on failure of the grantor to pay the debt at maturity, a sale by the grantee under this power is valid, though made to himself, if the requirements of the contract with the debtor as to the sale are strictly complied with and there is no evidence of fraud.
2. While the bona fides of such a sale will be closely scanned, such a purchaser may maintain an action for breach of warranty against any grantor of the premises in question who is his privy in estate; and the action may be maintained as well when a paramount outstanding title prevents him from obtaining possession as when an ouster results from the necessity of yielding possession in response to such paramount title.

DECIDED FEBRUARY 4, 1914.

Complaint; from city court of Quitman—Judge Long. August 12, 1913.

Rountree brought suit against the Quitman Furniture and Hardware Company for $266.66, alleging a breach of warranty in a deed made by the defendant to one Monroe, under whom Rountree claimed to hold title to an undivided third interest in a certain lot of land in Quitman, Georgia. From the allegations of the petition it appears, that in December, 1910, Stanley S. Bennett, F. L. Gibson, and W. H. Long, who were owners of the land in question,

as tenants in common, each owning an undivided third interest, conveyed the land to the Quitman Furniture and Vehicle Company, of which the Quitman Furniture and Hardware Company was the successor. On April 18, 1911, the Quitman Furniture and Hardware Company, as successor to the Quitman Furniture and Vehicle Company, conveyed the land to S. G. Monroe for $800, warranting title to him, his heirs and assigns. Two days later Monroe, to secure his indebtedness to Rountree, of $950, due January 1, 1912, executed a deed (recorded April 21, 1911) conveying this land to Rountree, with power of sale, to be exercised on failure to pay the debt when due. The petition alleges that Monroe failed to pay this indebtedness, and that, in compliance with the power of sale contained in the deed, Rountree advertised the land for sale, and on March 22, 1913, sold it, at public outcry, and bid off the property for $500, and on the same date executed and, delivered to himself a deed pursuant to the sale. It is alleged that in the meantime the board of county commissioners of Brooks county, through its clerk W. B. Knight, issued an execution against F. L. Gibson, who was tax-collector of Brooks county, for $7,922.86; and on July 5, 1911, this execution was levied upon an undivided third interest in the lot in question as the property of F. L. Gibson; that the land was advertised for sale, and on the first Tuesday in November, 1911, was bid off by J. E. Cook, and the sheriff executed a deed to Cook for Gibson's former undivided third interest; that subsequently Cook filed a petition against Monroe and the plaintiff, Rountree, for partition of the land, and on the trial a verdict and judgment were rendered against Monroe and Rountree, and title to the said undivided third interest was decreed to be in Cook, and a partition of the land was ordered.

To the present petition the defendant demurred generally and upon the following grounds: (1) Because the plaintiff was not a purchaser of the land, but had only an instrument conveying title as security for a debt. (2) Because the plaintiff, not being a purchaser, had no right under a warranty of former holders, until ousted from possession of the land. (3) Because if the plaintiff was entitled to recover at all, he was only entitled to recover $166.66; for the reason that when he purchased the lot at the sale advertised by himself, he paid only $500. (4) Because the petition fails to set out that the plaintiff has been evicted; it is alleged

that there was a decree that the land be partitioned, and there is no allegation that it has been partitioned. (5) Because the execution against Gibson had been issued before Monroe or the plaintiff acquired title to the land, and it is alleged that a purchase of the covenant of warranty was made before the land was conveyed to the plaintiff. (6) Because the deed from Monroe to the plaintiff contained no warranty. (7) Because the defendant was not vouched to appear and defend the petition of Cook to partition the land. (8) Because it appears from the petition that the execution against Gibson was older than the deed from the defendant to Monroe. The demurrer was overruled.

The defendant filed an answer, denying any indebtedness to the plaintiff, and setting up that the paper given by Monroe to the plaintiff was not a deed, and that, shortly after the execution of the deed from the Quitman Furniture and Hardware Company to Monroe, the latter became uneasy in regard to the execution against Gibson, and in view of that fact the company made a special agreement with Monroe, by the terms of which the company agreed that it would protect him against any lawsuit that might be brought against the property on account of any execution issued against Gibson and levied upon Gibson's third interest in the land, or that if the company failed to protect Monroe, it would pay him $266.66; and it is averred that in pursuance of this agreement the company did, on November 17, 1911, pay Monroe that amount, by giving him credit therefor on his indebtedness to the company.

The material averments of the defendant's answer were stricken, on the plaintiff's demurrer thereto, and the court entered judgment in favor of the plaintiff for $266.66, with interest and costs of suit. To this judgment and to the antecedent rulings the defendant excepted.

*Bennett & Harrell,* for plaintiff in error.

*Branch & Snow,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) Two controlling questions which arise in this case are: (1) whether Rountree could purchase at his own sale under the power of attorney contained in the security deed, and (2) whether he can maintain an action for breach of warranty, there being no covenant of warranty in the paper just referred to. As we have already held in *Pressley* v. *McLanahan,* ante, 366 (80 S. E. 902), there was

nothing to prevent Rountree from purchasing at his own sale. The sale might be voidable at the instance of the debtor, if, within a reasonable time, he tendered the amount of the debt, with interest. The more important question is whether one who buys at a sale made in conformity with the power of attorney contained in a deed given to secure the indebtedness is such a purchaser as is included within the terms of section 4192 of the Civil Code. This section provides that "the purchaser of lands obtains with the title, however conveyed to him, at public or private sale, all the rights which any former owner of the land, under whom he claims, may have had by virtue of any covenants of warranty . . contained in the conveyance from any former grantor," etc. It is insisted that the pleadings in the present case show that the plaintiff was not a purchaser, but held under an instrument which was security for a debt, at the time he was ousted. This is immaterial. The adjudication depends upon the fact that choses in action are assignable in this State, whereas at common law they were not assignable; and it would make no more difference that it was impossible for Rountree to obtain possession on account of the existence of a paramount title than if he had been compelled to yield possession already acquired to such title. Rountree had the right to sue for a breach of warranty, and would have had this right even if he had been a purchaser under a quitclaim deed. Privity supports his right of action, if there is a breach of the warranty given by any grantor in the chain of title. The pivotal question in the whole case is whether Rountree is a purchaser; and upon that point the language of the code section is plain and explicit.

We grant, as argued by counsel for the plaintiff in error, that if Rountree's suit for breach of warranty depended upon his security deed, he would not be a purchaser; but the allegations of the petition show that under the power of sale in the security deed a valid sale was held, and Rountree became at that sale a "purchaser." If the sale of Rountree, as agent for Monroe, to himself in his individual capacity was for any reason void, of course Rountree would not be a "purchaser." If the sale is valid, he is a purchaser and entitled to the rights conferred by section 4192, supra. The intervening contract between the Quitman Furniture and Hardware Company and Monroe, in which the company agreed to reimburse

Monroe in case of loss, and the attempt to fulfill this contract by applying the purchase-price of $266.66 upon Monroe's indebtedness to the company, has no bearing or effect upon Rountree's rights. It is undoubtedly true that Rountree could have proceeded against Monroe instead of against the company, but he was not compelled to do so; and any equities between the company and Monroe he could very well afford to leave to the parties directly concerned. Rountree had the right to purchase the property at his own sale; and he had the right to sue any one of the grantors upon the warranty, which was a covenant running with the land. So far as the Quitman Furniture and Hardware Company is concerned, it is not in a position to assert purely personal defenses that might have been interposed by Monroe; and so far as appears from the allegations of the petition, the sale by Rountree was within the express terms of the contract. We conclude, therefore, that he had the right to sell and to purchase at the sale, and that the sale could not be affected except by proof of fraud or collusion on the part of Rountree and Monroe.

The demurrers to the petition were properly overruled. And since the evidence authorized the verdict, there was no error in refusing a new trial.                    *Judgment affirmed.*