23618.  McENTYRE *et al. v.* MERRITT.

DECIDED AUGUST 13, 1934.  REHEARING DENIED AUGUST 29, 1934.

*H. B. Moss,* for plaintiff in error.    *T. E. Latimer,* contra.

JENKINS, P. J.   1. Where an owner of land suffered it to be sold for taxes, and thereafter sold and conveyed it to another, a vendee of the latter who redeemed the property from the tax-sale could not maintain an action against the first owner to recover such tax money, as money paid for his benefit, in the absence of an express warranty of title in the contract of sale made by the first owner, there being no such implied warranty in a sale of land. *McEntyre* v. *Merritt,* 44 *Ga. App.* 583 (162 S. E. 424).   In that ruling, which reversed a decision on certiorari affirming a justice-court judgment in favor of the plaintiff, it was said that "whether or not the plaintiff could have maintained the action if . . a warranty of title by the defendant had been shown need not be decided," since such a case was not presented by the record.   The petition in that case did not refer to any express warranty, and did not plead any contract or privity of relationship between the plaintiff and the defendant, the original owner.   There was no evidence as to any express warranty or any contract between them, but on the contrary the plaintiff testified, "that he paid out the money . . to redeem a piece of land owned by [the defendant] in 1923; that [the defendant] did not ask him to pay the money, and didn't know that he was going to pay it, and did not know it until after it was paid; that [the defendant] had never promised to repay

him; that he bought the land from [a vendee of the defendant], and sold it to [another person]; that he did not buy the land from [the defendant], and had no dealings with him concerning the land." Consequently, where the same plaintiff brought the instant action against the original owner, the defendant in the former case, and his vendee, for the recovery of the tax money expended by the plaintiff, and based his action upon the express warranties of title made in their warranty deeds by which he acquired ownership, and the proof sustained such allegations, his right to recovery was not defeated under the defendants' plea in bar, setting up that he was precluded by the adverse decision of this court in the former suit as to his rights that "the subject-matter of this suit was embraced in the former suit," and that "the cause of action is the same as that sued upon in the instant case." Whether or not the plea in bar be treated as one of res judicata or one of estoppel by judgment (see *Farmer* v. *Baird,* 35 *Ga. App.* 208, 132 S. E. 260; *Hamlin* v. *Johns,* 41 *Ga. App.* 91, 151 S. E. 815), and giving to the defendants the benefit of principles applicable to both of those somewhat different doctrines,—under the former, that the plaintiff would be "bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation," and under the latter, even though the previous litigation may have been "based upon a different cause of action," that the estoppel by judgment would extend "to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters, within the scope of those pleadings, as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined" (*Farmer* v. *Baird,* supra),—there was no bar under the law of the case as established by this court in its previous decision, or under the judgment of the superior court or the justice's court, which were set aside by the previous ruling of this court. See also *Jones* v. *Schacter,* 29 *Ga. App.* 132 (114 S. E. 59), s. c., 31 *Ga. App.* 709 (121 S. E. 691); *Brady* v. *Pryor,* 69 *Ga.* 691, 697; *Winkles v. Simpson Grocery Co.,* 138 *Ga.* 482, 488 (75 S. E. 640); Civil Code (1910), §§ 4335, 4336.

2. "When a vendee under a warranty deed has fairly and reasonably paid a sum of money to remove an incumbrance which was

outstanding, and was a legal and valid lien on the land at the time of his purchase, he may recover the amount thus paid from his vendors." *Amos* v. *Cosby,* 74 *Ga.* 793; *Cheatham* v. *Palmer,* 176 *Ga.* 227 (2, 3), 235 (167 S. E. 522). An unrestricted express warranty of title being a covenant running with the land, a purchaser may maintain an action thereon against any prior grantor making such a warranty, if he is a privy in estate. Civil Code, §§ 4192, 4194; *Croom* v. *Allen,* 145 *Ga.* 347 (89 S. E. 199); *Quitman Furniture Co.* v. *Rountree,* 14 *Ga. App.* 382 (2) (80 S. E. 904). A verdict for the plaintiff was demanded by the uncontradicted evidence; no question being raised except under the plea in bar, and except that one of the defendants did not own the land at the time when the taxes in question accrued. His liability arising not from such a prior ownership, but from the express warranty which he subsequently made in his warranty deed, the last-stated contention is without merit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*