# Case No. 349.

## Ex parte ANDERSON et al.

### [3 Woods, 124.][1]

Circuit Court, D. Louisiana. Jan. Term, 1878.

#### ELECTIONS—OFFENSES AGAINST ELECTION LAWS—REMOVAL OF CAUSES.

1. Members of the election returning board established by the law of Louisiana are, even when engaged in canvassing the votes cast for presidential electors, state and not federal officers.

2. The petition of a party against whom a prosecution has been instituted in a state court, to remove said prosecution to the federal court on the ground that the same is on account of an act done under the provisions of title 26, Rev. St., should state such facts as show to the court that the case falls within the category of removable causes.

This was the petition of Thomas C. Anderson and others for a writ of habeas corpus cum causa, to remove into this court an information filed against them in the superior criminal court for the parish of Orleans, by the district attorney for said parish, charging them with feloniously publishing a false election return of the parish of Vernon of an election of presidential electors.

E. North Cullom, for petitioner.

BRADLEY, Circuit Justice. I have given careful consideration to the application for removing the prosecution in the above case to the circuit court of the United States, and for a writ of habeas corpus cum causa to that end. The right of removal is claimed under section 643 of the Revised Statutes of the United States; and under that clause of the section which authorizes a removal when any civil or criminal prosecution is commenced in a state court against an officer of the United States, or other person, on account of any act done under the provisions of title 26, "The Elective Franchise," or on account of any right, title or authority claimed by such officer or other person, under any of said provisions. To entitle the petitioners to the removal sought, therefore, their petition ought to show that the prosecution against them is either for some act done by them, as officers of the United States, or otherwise, under the provisions of title 26, or on account

of some right, title or authority claimed by them under any of said provisions. Does the petition show this? It states that the information against them charges them with falsely and feloniously uttering and publishing as true, in their capacity of returning board officers, a certain altered, false, forged and counterfeited public record, to wit, the returns from the parish of Vernon of an election held for presidential electors in the state of Louisiana, on the 7th day of November, A. D. 1876, under a writ of election dated September 16, 1876, ordering the same, knowing the said public record to be false, altered, forged and counterfeit. The petition further states that the acts for which they are accused are charged to have been done whilst they were acting under authority of law, and under oath of office, as a board of canvassers of election returns for presidential electors; and it claims that, in so acting, they were officers of the United States, and that the correctness and legality of their said election returns were duly presented by the said presidential electors before the electoral commission appointed under act of congress, passed January 29, 1877; and were by said commission fully investigated, adjudicated and sustained, and thereby became a thing adjudged. The petition further states that all their acts in the premises were done in accordance with the true intent and meaning of the 15th amendment to the constitution of the United States, and of the enactments of congress passed to enforce it—those acts consisting of officially inspecting, certifying, reporting and giving effect to the votes of all the citizens legally polled at said election in said parish of Vernon, and to none other. The petition denies the charge of making false, altered or forged returns, and insists that the petitioners are prosecuted for having, in their official capacity, given effect to the laws of the United States for the enforcement of the equal, civil and political rights of citizens of the United States, growing out of and appertaining to the elective franchise.

The claim that the petitioners, in acting as members of the returning board of Louisiana, were officers of the United States in reference to the election returns of presidential electors, is not tenable. They were state officers, appointed under a state law, and acting under state authority. The claim that the correctness of their returns was adjudicated by the electoral commission, is equally untenable. The electoral commission declined to go behind the returns, or to examine into their correctness. It denied its jurisdiction to do this. These grounds of removal, therefore, are not founded on fact.

The other ground alleged, namely, that the acts on which the charge of making false returns is based, were done by the petitioners in pursuance of the enforcement laws of the United States, is more to the purpose. The difficulty is, an entire want of specification

[1][Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

of the acts referred to. This may be owing to the fact that no specification of particular acts is made in the information against them. The charge is simply that of falsely and feloniously uttering and publishing as true false and forged returns from the parish of Vernon, of an election for presidential electors. What evidence will be presented in support of the charge does not appear. It may have no respect to the acts of the petitioners, done by them in pursuance of the acts of congress. The charge does not necessarily, nor presumptively, imply this. The petitioners can only conjecture that it will be so. In many cases there would not exist any doubt as to the specific acts complained of, and the defendants would have no difficulty in affirming the authority under which they were done. A revenue officer making a seizure, for example, and being prosecuted for taking the party's goods, could, with reasonable certainty, affirm what goods he was charged with taking, and could safely and with due certainty allege the authority by which he did the acts complained of, and thus be enabled to remove the cause to the federal courts. So if, in obedience to the enforcement act, an officer of election receives the votes of unregistered persons, not allowed to register on account of color, and is indicted for receiving unlawful votes, to wit, the votes of A, B and C, specified by name, or even without such specification, he could very properly affirm what particular acts he was indicted for, and could have no difficulty in removing his cause.

But in the present case the charge is for publishing a false return of an election held at a particular place. The defendants cannot allege that the return was made under an act of congress. It was not. But they suspect that it will be attempted to make out against them the falsity charged, by proving certain acts which they did under the enforcement act. This, however, they can hardly know with sufficient certainty, and if they do know it, they have not specified the acts, or class of acts, which they suppose to be the basis of the charge, so that the court may see with sufficient clearness that the case is one that is removable. It seems to me, therefore, that no sufficient case is presented for a removal of the cause. To be entitled to removal, the case must be shown to be within the category of removable causes. The general assertion of the party that it is so, or any general assertion that does not enable the court to see that it is so, is not sufficient. But the petitioners are not without remedy. If, on the trial, it should be attempted to sustain the charge by acts of the petitioners, done by them in pursuance of the acts of congress, they can then claim the benefit of those acts; and, if refused by the court, can carry their case to the supreme court of the United States by writ of error. The application must be denied.