THE FORNCROOK MANUFACTURING COMPANY v. THE E. T. BARNUM WIRE & IRON WORKS.

*Petition for removal of cause—Estoppel—Patents.*

1. Objections to the form of a petition for the removal of a cause from a State to a Federal Court are rather for the latter to consider than the former, as the Federal Court should decide for itself with what precision and directness the right to removal must be shown. So *held*, where it was objected that the petition for removal presented only the pleadings, and did not specify the Federal question involved.

2. One who has contracted for the right to manufacture under a certain patent is in no position, when sued on the contract, to set up rights under a subsequent patent as a justification for non-performance, or to question the validity of the first patent, especially if fraud in the contract or infringement of patent is not alleged.

3. A patentee sued one who had contracted for the right to manufacture under the patent, and it appeared that questions might arise as to whether the manufacture had been carried on under this patent or another and whether the latter was valid as against the former. Defendant had the case removed to a Federal Court. *Held*, on error, that the conflict of patents was the Federal question, if any; and though it was barely presented, the writ of error would be dismissed and the plaintiff left to move in the Federal Court.

Error to the Superior Court of Detroit. (Chipman, J.)
June 20.—Sept. 23.

Assumpsit.   Plaintiff brings error.   Dismissed.

*Fraser & Gates* for appellant.   A state court ought not to
relinquish jurisdiction until a case is made which on its face
shows that removal is of right: *Mahone v. R. R. Co.* 111
Mass. 72; *Bryant v. Rich* 106 Mass. 180; *Du Vivier v.
Hopkins* 116 Mass. 125; *Insurance Co. v. Gorbach* 70 Penn.
St. 150; *Hadley v. Dunlap* 10 Ohio St. 1; *Whiton v. R. R.
Co.* 25 Wis. 437; *Akerly v. Vilas* 24 Wis. 165; *People v.
Sup. Ct.* 34 Ill. 356; *Del. Railroad Co. v. R. R. Co.* 46 Ia.
406; *Burch v. Dav. & St. P. R. R.* 46 Ia. 452; *Atlas Ins.
Co. v. Byrus* 45 Ind. 133; *Mc Whinney v. Brinker* 64 Ind.
360; *Blair v. W. P. Mfg. Co.* 7 Neb. 146; *Orosco v. Gag-
liardo* 22 Cal. 83; *Clark v. Opdyke* 10 Hun 383; *Carswell
v. Schley* 59 Ga. 19; *Henen v. B. & O. R. R.* 17 W. Va.
881; *B. & O. R. R. Co. v. P. W. & Ky. R. R.* 17 W. Va.
812; *State v. Judge &c.* 23 La. Ann. 29; *Tunstall v. Madi-
son* 30 La. Ann. 471; *Kimball v. Evans* 93 U. S. 320; *Ins.
Co. v. Pechner* 95 U. S. 183; *Amory v. Amory* 95 U. S.
186; *Removal Cases* 100 U. S. 474; *Bible Society v. Grove*
101 U. S. 611; *Babbitt v. Clark* 103 U. S. 610; *R. R. Co.
v. Koontz* 104 U. S. 5; *Crane v. Reeder* 28 Mich. 527;
*Mabley v. Judge Sup. Ct.* 41 Mich. 33; *Schwab v. Coots* 48
Mich. 116; *Whittemore v. Stephens* 48 Mich. 573; the peti-
tion for removal should state the precise facts out of which
the jurisdictional question arises: *Ex parte Anderson* 3 Woods
124; *Trafton v. Nougues* 4 Cent. L. J. 230; *Levy v. Laclede
Bank* 18 Fed. Rep. 193; *Gold Washing Co. v. Keyes* 94 U. S.
199; the fact that defendants own patents with which those
of plaintiff are supposed to conflict is no answer to a suit
brought for royalties due on articles manufactured: *Con-
solidated Middlings Purifier Co. v. Guilder* 9 Fed. Rep.
155; *Hall Mfg. Co. v. Am. Ry. Supply Co.* 48 Mich. 331;
and defendant is estopped from denying the validity of plaint-
iff's patents: Bigelow on Estoppel 433, 434; *Jones v. Burn-
ham* 67 Me. 93; *Kinsman v. Parkhurst* 18 How. 289;
*Eureka Co. v. Bailey Co.* 11 Wall. 488.

*Moore & Canfield* for appellee.

Cooley, C. J.   The only question in this case is whether
a case was made by the defendant for removal to the Federal
court.   The Superior Court entered an order for removal,
and error is brought upon that order.

The declaration in substance alleges that on December 23,

1882, plaintiff was the owner of two letters patent, one dated February 11, 1879, and the other March 22, 1881, issued by the United States to Isaac S. Forncrook, plaintiff's assignor, for certain improvements in cheese-safes: that then and for several years previous plaintiff and its assignor had been extensively engaged in manufacturing throughout the United States cheese-safes embracing said patented improvements, had spent large sums in introducing them to the public, had thereby established a business with a good-will worth ten thousand dollars, and were daily receiving orders for great numbers of said cheese-safes; that the most excellent improvements consisted of a ventilating curtain door, etc., and glass corners. These, to be useful and to preserve said good-will, must be constructed in a certain specified manner, and all orders for them must be filled, and the demands of the market then required twenty thousand such cheese-safes yearly.

That thereupon a written contract was made between plaintiff and defendant, whereby the plaintiff assigned said letters patent with said good-will, to defendant for five years, agreed to suppress all infringements, and to turn over all its orders and inquiries for cheese-safes to defendant. In consideration whereof defendant agreed to use due diligence in the manufacture of such cheese-safes as the demands of the market required, and to fill all orders for such cheese-safes, and on July 1st and January 1st of each year, and at the end of said five years, to render an account, and pay plaintiff fifteen cents for each such cheese-safe sold by defendant.

That plaintiff thereupon prepared and defendant sent to plaintiff's customers throughout the United States a circular, stating that thereafter defendant would manufacture such cheese-safes, and requesting that orders for such cheese-safes be sent to defendant: that notwithstanding this, plaintiff continued to receive orders for great numbers of such cheese-safes, and turned all of them over to defendant; that defendant did not manufacture the patented improvements in a proper manner, and failed to manufacture as many of them as the demands of the market required, thus greatly injuring the good-will and reputation of plaintiff's improvements; that

during the first and second six months of 1883 defendant manufactured and sold twenty thousand such cheese-safes, and neglected and refused to account or pay the royalty, to plaintiff's damage, etc.

There was a second count in which the substantial injury alleged was that defendant had manufactured and sold twenty thousand other cheese-safes which imitated and resembled plaintiff's improvements, etc., and that defendant refused to account and pay the royalty. There were also counts for money had and received, and counts on another contract not relating to patents.

Defendant pleaded the general issue, with notice that if it had manufactured and sold any cheese-safes, as alleged, the same were embraced and covered by two letters patent issued to one Gordon, June 8, 1880, and December 30, 1881, and by him assigned to E. T. Barnum & Co., and that they were not an infringement of plaintiff's patents, and the safes did not in anywise imitate or resemble plaintiff's patented improvements. That the right of defendant to manufacture and sell these cheese-safes was fully guaranteed and protected by the Gordon letters patent, and that plaintiff's letters patent are void under the patent laws of the United States.

This abstract sufficiently presents the issue. After the plea and notice of defense had been filed, defendant presented a petition for the removal of the case to the Federal court. The petition stated the substance of the pleadings, and without further presentation of facts, prayed for the removal of the cause. The required bond was given, and the removal ordered.

Plaintiff contends that the petition for removal is insufficient in form under the decisions in the Federal courts; that a mere statement of the pleadings, which leaves the court to hunt through them for the Federal question, is not sufficient, but that the question itself should be distinctly stated and the facts recited to show how it will arise. *Gold Washing &c. Co. v. Keyes* 96 U. S. 199; *Ex parte Anderson* 3 Woods 124; *Trafton v. Nougues* 4 Sawy. 178. It is also contended that under the pleadings it appears affirmatively that no Fede-

ral question can arise; the defendant by its contract being estopped from raising any question as to the validity of the plaintiff's patents (*Eureka Co. v. Bailey* 11 Wall. 488; *Hall Manuf'g Co. v. Amer. Railway Supply Co.* 48 Mich. 331; *Jones v. Burnham* 67 Me. 93), and the Gordon patents being unimportant to the controversy.

So far as the objection to the petition goes to its form, we think it addresses itself rather to the Federal than to the State court. That court should decide for itself with what precision and directness it will require the right of removal to be shown; the State court has no occasion to insist upon any particular degree of strictness in these petitions. The question of sufficiency in substance is more difficult. The plaintiff, we think, is quite correct in insisting that defendant is in no position, under its contract, to raise any question of the validity of the plaintiff's patents. The pleadings make no question of fraud in the procurement of the contract, or of infringement by the plaintiff upon any prior patent; and it seems very plain, therefore, that defendant cannot set up rights under a subsequent patent as a justification for a refusal to perform its contract.

Nevertheless, under the claim for royalty on safes actually manufactured by the defendant, it may be that a question will arise, not only whether safes made are to be deemed made under the plaintiff's patents and not under those issued to Gordon, but also whether the Gordon patents are valid as against those of the plaintiff. This last question is the Federal question in the case, if there is any, and it is presented so vaguely that it is difficult to say it is presented at all. We incline, however, to leave the plaintiff to a motion in the Federal court, and shall therefore

Dismiss the writ of error, but without costs.

The other Justices concurred.