DICKINSON v. THE HEEB BREWING Co.

THE SAME v. GLAB BROS.

THE SAME v. SCHMIDT BROS. & CO.

*Appeals from Dubuque District Court.*

SHEAR v. KELSON.

*Appeal from Chickasaw District Court.*

1. **Intoxicating Liquors:** NUISANCE: CONSTITUTIONALITY OF STATUTE: FEDERAL QUESTION. An action to restrain a nuisance under the prohibitory liquor law is not removable to the federal courts on the ground that the enforcement of the law will deprive the defendant of property without due process of law; or of rights which were legal when acquired, without compensation; or that it will prevent the enjoyment of equal rights by citizens of the United States.

WEDNESDAY, MARCH 7.

THE facts in the first case are substantially like those in the others, so far as we are required to consider them, and are as follows: The plaintiff avers that defendant has established a saloon in a building described for the keeping and selling of intoxicating liquors contrary to law, and is now engaged in such illegal business; that defendant owns the property described, and also certain beer-kegs, bottles and other property used in the saloon business. Plaintiff asks that the saloon be adjudged and decreed a nuisance; that the same be abated; that defendant be enjoined from maintaining said saloon, and from keeping and selling intoxicating liquors therein contrary to law; and that such other relief be granted as may be authorized. The defendant appeared, and filed its petition for the removal of the cause to the circuit court of the United States for the Northern district of

Iowa.    The petition was granted, and from the order allowing the removal the plaintiff appeals.

*S. P. Adams* and *Jed Lake*, for appellant Dickinson.

*J. N. Powers*, for appellant S. R. Shear.

*Fouke & Lyon*, for appellees.

ROBINSON, J.—As grounds for removal, the defendant alleges, in effect, that the laws of Iowa under which the action is brought are in derogation of the rights of defendant, as guaranteed by the constitution of the United States, and especially by the fourteenth amendment thereto, and the laws made in pursuance thereof; that, if enforced, they would deprive defendant of its property without due process of law; that they would deprive defendant of property and rights which were authorized and legal when acquired, without compensation; and that they would prevent the enjoyment of equal civil rights by citizens of the United States.    It is sufficient for us to say that the supreme court of the United States, in the cases of *Mugler v. State of Kansas* and *State of Kansas v. Ziebold*, 8 Sup. Ct. Rep., 273, decided the grounds upon which the petition for removal is based to be unsound.    The several cases are therefore

REVERSED.