H. MECKE et al v. THE VALLEYTOWN MINERAL
COMPANY et al.

(Decided April 5, 1898).

*Practice—Removal of Causes—Time of Application—
Diverse Citizenship—Separable Controversy.*

1. A petition to remove a cause pending in a State Court was filed by the
   defendant and the order of removal made on 16th August, the or-
   der was filed in the office of the Superior Court of the County
   where the action was pending on the 18th August, and on August
   25th the notice of appeal was served on the petitioner for removal,
   and on August 30th the case on appeal was served; *Held*, that the
   appeal was perfected in due time.

2. The provision of the Act of Congress regulating removals of causes
   from the State to the Federal Courts (25 U. S. Statutes, 435) to the
   effect that a petition for removal must be filed at or before the time
   defendant is required to plead "by the rules of the State Courts,"
   applies only to the general rules of the State Courts, and not to a
   special order allowing additional time to plead in a particular case.

3. Where an order was made on the motion of one party allowing both
   parties additional time in which to file pleadings, and no exception
   was made by the other party, the order is binding on both.

4. The requirement that a petition for removal of a cause from the Fed-
   eral to the State Court must be filed before the defendant is re-
   quired to plead by the rules of the State Court is imperative, and
   the time cannot be extended by stipulation of the parties.

5. An action in the nature of a creditors' bill to wind up the affairs of a
   corporation, to administer its assets among its creditors according
   to their respective rights, to establish a joint and several liability
   for its debts on the part of another corporation which sustained to-
   ward it the relation of a partner, and to sell land in which it is
   stated that both corporations have equitable interests as well as
   those persons represented by the defendant trustees, is but a single
   and inseparable controversy, and although one of the corporations
   is a non-resident it cannot have the cause removed to a Federal
   Court on the ground of diverse citizenship.

6. Where, in an action in the nature of a creditors' bill, complete relief
   could not have been granted without the presence of all the defend-
   ants, even if plaintiff had elected to split up the action and sue one
   of defendant corporations for its assumption of the debt of the in-

solvent defendant corporation, the action is not separable so as to allow a removal to the Federal Court on the ground of diversity of citizenship of the first named corporation.

ACTION in the nature of a creditors' bill, filed by the plaintiff for and on behalf of himself and all other creditors of the Valleytown Mineral Company against said Valleytown Mineral Company, The Roessler and and Hasslacher Chemical Company and R. L. Cooper, Ben Posey and J. F. Abernathy, Trustees, to which Geo. Hillyer, Ellen E. Hillyer and John Colvin became parties upon their voluntary petition, claiming the forfeiture of a certain lease by the Valleytown Mineral Company.

The bill alleges that in the year 189— certain persons had an option or contract to purchase a tract of land in Cherokee County, North Carolina, supposed to contain large deposits of talc, but that these persons were unable to pay for said lands or develop the same, and that as a result of their efforts to get others more able in these respects than themselves, a corporation known as The Valleytown Mineral Company was organized under the laws of the State of New Jersey, with a capital stock of two thousand dollars, and authorized to begin operations on a paid in capital of one thousand. The purchase price of the lands above referred to was ten thousand dollars, of which five thousand was advanced and loaned by the plaintiff, H. Mecke, who was given an equitable lien on said lands to secure said loan and for the balance two notes were given and secured by deeds in trust executed and delivered to the defendants, R. L. Cooper, Ben Posey and J. F. Abernathy, Trustees, one of said notes, (each being for $2,500 and interest) being due in October, 1896, and the other in October, 1897.

That besides the purchase money advanced and loaned

by the said plaintiff, and for which he was given an equitable lien as aforesaid, he also from time to time advanced and loaned divers other sums until the whole of his advances, about September 1st, 1896, amounted to some twenty thousand dollars, of all of which The Valleytown Mineral Company got the benefit and which was used in the management of its business and the equipment of its plant; that about the said 1st day of September, 1896, upon the refusal of the said plaintiff to advance any more money, and the said Valleytown Mineral Company not having the means to conduct and carry on its business of mining, grinding and marketing talc, it applied to the defendant, The Roessler & Hasslacher Chemical Company, and after some negotiations said last named company agreed to assume the obligations theretofore assumed by the said plaintiff and accordingly on or about Sept. —, 1896, it entered into a contract which embodied said agreement and the further agreement to pay off and discharge the two notes for the purchase money as they became due, to furnish money to carry on the business, to sell all the product of the mines and mill and to share in the profits of the business, and it required the Valleytown Mineral Company and said plaintiff to assign whatever interest it or he had in said lands to it, the said The Roessler and Hasslacher Chemical Company.

Plaintiff's bill further alleges that it took said assignment of his equitable lien on said lands as a trustee for him; and the said assignment of the interest of The Valleytown Mineral Company as a security for its advances, and that the said Valleytown Mineral Company is insolvent, being largely indebted to him and others, and plaintiff insists that said The Roessler and Hasslacher Chemical Company is liable for the balance of

the unpaid purchase money for said land, $2,500, it having already paid a like sum, and that at least, the creditors of said The Valleytown Mineral Company have the right to have said lands sold, and the overplus, after paying said advances and the balance of the purchase money, applied to the payment of their claims; that after the making of the said contract, and up to and until the time when the said The Roessler and Hasslacher Chemical Company declined to advance any more money, the said last named company assumed and exercised almost if not complete control and management of the former business of The Valleytown Mineral Company, and plaintiff insists that by virtue of said contract, followed by such control and management, the relation of partners was established and a consequent liability for all the debts contracted in the business after that time was incurred by said Chemical Company; that so far as plaintiff's debt was concerned, a written acknowledgment and assumption of it was executed at the instance of The Roessler and Hasslacher Chemical Company.

The bill contains the usual allegations against The Valleytown Mineral Company, sufficient to warrant the appointment of a Receiver, which has been done, and the business has been carried on by him since April —, 1897. As above set out, Geo. Hillyer, Ellen E. Hillyer and John Colvin became parties on their voluntary petition, having been set down as intervenors, claiming the forfeiture of a certain contract of lease entered into between them as lessors, and The Valleytown Mineral Company.

The bill contains other allegations not material to be stated and up to the time of the filing of the order ap-

pealed from, the defendant seeking the removal had filed no answer.

At Spring Term, 1897, of the Superier Court of Cherokee county, his Honor, Geo. H. Brown, made an order referring it to G. S. Ferguson, Esq., as a Master in Chancery, to inquire and report who were true creditors, etc.

On August 16th, 1897, the said The Roessler and Hasslacher Chemical Company, without notice to the plaintiffs or any other parties to said suit, presented the petition set forth in the record to his Honor W. L. Norwood at Chambers at Asheville, who upon the hearing of said petition, and without the examination of the record, which plaintiffs insist would have contradicted the same, granted the order complained of, removing said cause to the Circuit Court of the United States and commanding that all other proceedings in the Superior Court of Cherokee be stayed.

The plaintiffs excepted to said order which was filed Aug. 18th, 1897, and gave timely notice of appeal and assigned as error:

1st.   That an examination of the record would disclose the fact that no sufficient cause for such removal exists.

2nd.   That examination would show that this is not a suit brought by a citizen of this State against a citizen of the same, and a citizen of another State, which, so far as relates to him, is brought for the purpose of enjoining or restraining him; or that the same is against an alien, or is by a citizen of this State and against a citizen of another State; or is a suit in which there can be a final determination of the controversy so far as it concerns the defendant seeking the removal, without the presence of the other defendants as parties in the cause, or that

there is any reason to believe or that the petitioner does believe that from prejudice or local influence it will not be able to obtain justice in the State court.

3rd.   For that the order of removal was granted at Chambers and without notice to the plaintiffs in the action.

*Messrs. J. H. Dillard* and *Davidson & Jones* for plaintiffs, (appellants.)

*Mr. J. H. Merrimon,* for defendants.

CLARK, J.:   The summons was returnable to May Term, 1897, of CHEROKEE Superior Court.   The complaint and amended complaint were filed, judgment taken for want of an answer, and a referee appointed to state an account, a receiver having also been duly appointed before the return term.   Notwithstanding the judgment appointing a referee recites that no answer had been filed, there is certified up to us this entry from the minutes " Thirty days leave to file amended complaint and sixty days thereafter to file answer."   On August 16 one of the defendants, The Roessler & Hasslacher Chemical Co., a non-resident corporation, appeared before his Honor Judge Norwood, at Chambers in Asheville, and filed a petition to remove on the ground of diverse citizenship, alleging a separable controversy, the other defendants being residents of this State.   The Judge ordered the cause removed to the U. S. Circuit Court.   The order was filed in the Clerk's office in Cherokee county on August 18, and on August 25 service of the plaintiff's notice of appeal was accepted by the defendant who had made the motion to remove, and on August 30 the plaintiff served his case on appeal.   This was all in due time as to the appeal.   The amended statute provides:   " The appeal must be taken from a

judgment rendered out of term within ten days after notice thereof, and from a judgment rendered in term within ten days after its rendition (unless the appeal was taken at the trial)." Clark's Code, Sec. 549. And the next section, 550, provides that the case on appeal shall be served "within ten days after the entry of appeal." Here, the judgment was filed and the plaintiff acquired notice on August 18. The notice of appeal was accepted on August 25, within ten days, and the case on appeal was served on August 30, in ten days after the notice. When an appeal is taken at the trial, the case on appeal must of course be served within ten days from adjournment of the court, *Delafield* v. *Construction Co.*, 115 N. C., 21; but the appellant has the right to reserve taking his appeal and enter it within ten days after adjournment of the court, in which case he has ten days after entry of the appeal to serve the case on appeal. The same applies to appeals from judgments taken out of term. Rule 27 of this Court is additional to, but does not restrict, repeal or abrogate any of the provisions of *The Code*, sections 549 and 550.

The case being here regularly, the plaintiff contends that the Judge below erred in granting the removal. The State court has jurisdiction, and to be deprived of it there must be a strict compliance with the Act of Congress, since the right of removal is purely statutory and only exists when the case falls within the terms of the law. The removal Act of 1888 (25 U. S. Statutes at Large, 435) provides that a petition for removal must be filed "at or before the time at which the defendant is required to plead by the laws of the State, or the rules of the State courts." This was at the return term in May. *Code*, Sec. 207. The defendant however contends that there was an order of the court allowing further

time to answer, and the motion to remove being made within such time was within the time "allowed by the rules of the State courts." But the decisions are uniform in all the courts that this means the general rules of the court (in those States in which the time of pleading is fixed by rules of court) and does not mean a special order or rule in a particular cause. There has been some conflict of decision in the Federal Courts as to whether the extension of time to answer did not extend the time to move for removal, by reason of its being a waiver of the statutory time. All the authorities seem to concur that, where the extension of time is by consent of parties, or by order of court based on such consent, the defendant loses his right by not moving at the term at which, without consent, he was required to answer. There is some conflict as to whether he loses the right by not moving at that term when the extension of time is *in invitum.* But, here, the entry, as in *Howard* v. *Railroad,* at this term, does not appear affirmatively to have been made by the court. It was probably placed on the minutes by consent of parties, and if not, the defendant assented to it by not excepting thereto. He has lost no opportunity to remove by any act of the State court against which he objected, and under the Act of Congress the time for him to make the motion expired at the Spring Term in May, 1897. The same point is fully discussed and authorities cited in *Howard* v. *Railroad, supra,* at this term.

This is a creditors' bill to wind up the affairs of an insolvent corporation, to administer its assets among its creditors according to their respective rights, to establish a joint and several liability for its debts on the part of another corporation (the appellee), which sustained to it the relation of a partner, and to sell land in which it is

stated that both corporations have equitable interests as well as those persons represented by the defendant trustees, and is but a single controversy.   Even if the plaintiff had elected to split the action up, and had sued the appellee for its assumption of the debt, he could not have subjected the land without the presence of all the defendants.   The Valleytown Mineral Company and the trustees (all citizens of this State), are necessary and indispensable parties, and there is no such separable cause of action against the appellee as entitled it to a removal even if the petition and bond had been filed in time.   *Springer* v. *Sheets*, 115 N. C., 37; *Faison* v. *Hardy*, 114 N. C., 429; *Hyde* v. *Ruble*, 104 U. S., 407; *Blake* v. *McKim*, 103 U. S., 336; Removal Cases, 100 U. S., 457.

The appellant also objects that the order of removal should have been made during a term of court in which the action was brought, and not at Chambers in another county, and without notice to the plaintiff.   But as the other two points are with the plaintiff, it is unnecessary to discuss this.

The order removing the cause is reversed, and the Court below will proceed regularly as if the motion had not been made.   *Bradley* v. *R. R. Co.*, 119 N. C., 74; *Howard* v. *R. R. Co.*, at this term.

                                        Reversed.