# MINNIE EWERT v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY and Another.[1]

December 24, 1914.

Nos. 19,022—(162).

**Removal to Federal court.**

1. An order of the district court transferring a cause to the Federal district court, upon petition made and bond filed by a foreign corporation, is not appealable. The appeal is dismissed.

**Striking case from calendar.**

2. There being no cause pending in the state district court after the transfer or removal, an order striking it from the calendar of the court was right, and is affirmed.

Action in the district court for Waseca county by the administratrix of the estate of Walter F. Ewert, deceased, to recover $7,500 for the death of her intestate. From an order, Childress, J., dated February 14, 1914, accepting the petition and bond for removal of the action to the United States District Court and ordering that it be removed to that court, and from an order entered March 23, 1914, striking the action from the calendar, plaintiff appealed. Affirmed.

*F..E. Clinite* and *Moonan & Moonan,* for appellant.

*Stringer & Seymour, W. H. Bremner, F. M. Miner* and *P. McGovern,* for respondents.

Holt, J.

Plaintiff instituted suit in the district court of Waseca county for the wrongful death of her intestate. The complaint alleged facts showing a cause of action against the Minneapolis & St. Louis Railroad Co. under the Federal Employer's Liability Act, and attempted to state a cause of action against the Chicago, Rock Island & Pacific Railway Co. under the common law and the statutory law of Iowa,

[1] Reported in 150 N. W. 224.

where the accident took place. Within the permitted time the Rock Island Co., a foreign corporation, gave notice that a petition and bond for removal of the action to the district court of the United States for the District of Minnesota, Second Division, would be presented to the district court of Waseca county. The petition and bond so presented were approved on February 13, 1914, and an order made by the court transferring the action to the said Federal court. The files were transmitted, and the cause placed on the calendar of that court. Plaintiff thereafter appeared in the Federal court and moved to strike from the calendar, and also moved to remand to the state court. The first motion was denied, and the second is still pending. Plaintiff also caused the action to be entered on the calendar of the district court of Waseca county for trial at the term beginning March 16, 1914. But it was stricken therefrom on the motion of the Rock Island Co. On July 14, 1914, plaintiff appealed from this order, and also appealed from the order accepting the petition and bond for removal.

The controlling question is whether the action of the district court in surrendering jurisdiction to the Federal court is reviewable on appeal to this court. No provision in our statutes, in terms, gives such appeal. Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415, is relied on as authority for the proposition that an order or action of the district court which puts an end to further steps in that court in a cause properly triable therein is reviewable on appeal. The question there involved was whether the cause had been removed from one state court to another, and this court held that the matter could be determined on appeal because, as stated by the court, the two district courts having equal jurisdiction on both questions of law and fact might "disagree as to the validity of the transfer of the case, and each strike it from its calendar." The reason for the ruling in the Chadbourne case does not obtain here. The removal of causes from state to Federal courts is governed entirely by the acts of Congress. "The right to remove is derived from a law of the United States, and whether a case is made for removal is a Federal question." Railroad Co. v. Koontz, 104 U. S. 5, 26 L. ed. 643; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. ed. 517.

The final authority upon the construction of these acts is the Supreme Court of the United States. The decisions of that court, as well as the letter and spirit of the removal statutes, indicate clearly, it would seem, that the only appeal from the action of the state court transferring a cause is by motion in the Federal court to remand. This gives a more simple, speedy and complete determination than by appeal in the state courts. We say a more complete adjudication, for the state court has no authority to do more, when presented with a removal petition and bond, than to ascertain whether upon the face of the papers presented there is, as a matter of law, a right of removal. And, of course, this court would be similarly limited on appeal. On a motion to remand the truth of the facts alleged, as well as the question of law mentioned, may be inquired into and determined. Appeals which do not go to the merits of the controversy, and which are unnecessary, should not be read into the law. Such appeals tend to delay justice and increase its cost. Plaintiff loses no rights by the course we adopt, but is rather the gainer. If her motion to remand is granted, her right to remain in the state court can never thereafter be attacked. Missouri Pac. Ry. Co. v. Fitzgerald, 160 U. S. 556, 16 Sup. Ct. 389, 40 L. ed. 536; Tilley v. Cobb, 56 Minn. 295, 57 N. W. 799; Smithson v. Chicago Great Western Ry. Co. 71 Minn. 216, 73 N. W. 853. If it is denied, she can preserve her point and have it decided on final appeal to the Federal Supreme Court. She is exactly in the same position to have this Federal question reviewed as if the state court had refused to transfer the cause and the petitioner had properly preserved its exceptions to the ruling—the final determination of removability could be presented to the court of last resort. Our conclusion is that the removal act of Congress should be so construed that the only appeal · which may be had from an order of the state district court transferring the cause to the Federal court is by motion to be made in the latter court to remand.

Another reason why this court should not interfere, when the district court has transferred the cause, is that the Federal court, by the transfer, is vested with jurisdiction, and even though it erroneously refuses to remand and proceeds to judgment, such judg-

ment, while unreversed, is pleadable as a bar in the state court. And further, the Federal court, when it retains a cause transferred to it, possesses the power to restrain the party from proceeding in the state court. Traction Co. v. Mining Co. 196 U. S. 239, 25 Sup. Ct. 251, 49 L. ed. 462.

Unless good reason be shown for a practice which makes it possible to keep litigation in one suit in two different courts at the same time, it should not prevail. We are well aware that in a majority of the states the question has been determined contrary to the position we take. Dickenson v. Heeb Brewing Co. 73 Iowa, 705, 36 N. W. 651; Akerly v. Vilas, 24 Wis. 165, 1 Am. Rep. 166; Stone v. Sargent, 129 Mass. 503; Mecke v. Valleytown Mineral Co. 122 N. C. 790, 29 S. E. 781; Western Union Tel. Co. v. Griffith, 104 Ga. 56, 30 S. E. 420; State v. Mosman, 231 Mo. 474, 133 S. W. 38, and in others.

We, however, think it more in accord with the Federal act, and with good practice under our statutes, to hold that no appeal lies from an order transferring a cause to the Federal court. There should be no conflict between state and Federal courts. The proper procedure for the state court is thus indicated in Chesapeake & Ohio Ry. Co. v. McCabe, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. ed. 765: "In order to prevent unseemly conflict of jurisdiction it would seem that the state court in such cases should withhold its further exercise of jurisdiction until the decision of the circuit court of the United States is reviewed in this court. If the Federal jurisdiction is not sustained, the case will be remanded with instructions that it be sent back to the state court as if no removal had been had." Moon on Removal of Causes states in section 177: "Whether there may be an appeal to the supreme or other appellate court of the state from an order of the trial court ordering a removal has been variously decided. By reason of certain amendments to the statutes of the United States, the question has lost nearly all the importance which it once possessed." The author refers to the change making the order remanding a case final and conclusive and the refusal to remand reviewable, so that parties are not now subject to the predicament pictured in Stone v. Sargent, supra. In Le Roux v. Bay Circuit Judge,

46 Mich. 189, 9 N. W. 154, it was sought by *mandamus* to compel the state court to proceed after an order of removal had been made. In denying the writ the court says: "Where a cause has been removed to the United States court, and the party opposed to such removal wishes to have the cause proceed in the state court, he should make a motion in the United States court to have the cause remanded, and if the motion is denied he has a remedy given him by act of Congress whereby the question can be passed upon by the Supreme Court of the United States. And as the question involves the proper construction of an act of Congress it is eminently proper that the remedy there provided should be pursued and not resort to the state court." In Forncrook Mnfg. Co. v. Barnum Wire & Iron Works, 54 Mich. 552, 20 N. W. 582, upon a writ of error to review a removal order, the court says: "We incline, however, to leave the plaintiff to a motion in the Federal court, and shall therefore dismiss the writ of error, but without costs." To the effect that an order transferring a cause is not appealable we also cite Durham v. Southern, 46 Tex. 182. In Illius v. New York & N. H. R. Co. 13 N. Y. 597, under a code substantially like ours in respect to appealable orders, a removal order was held not appealable. The decision as far as we are informed has been adhered to in that state. The court states: "It was claimed, however, on the argument of the motion, that the order transferring the case was wholly inoperative, on the ground that the case was not within the judiciary act above referred to. The circuit court, therefore, it was urged, will acquire no jurisdiction, and hence the action is determined everywhere. To this it may be answered that the United States Circuit Court will either assume jurisdiction of the suit and proceed to judgment, or it will not. If it does, then certainly the action has not yet been determined. If it refuses to do so, then the order complained of will be vacated and the case will proceed in the supreme court (the state trial court). The question of jurisdiction must be decided by the circuit court itself, and however it may decide we cannot see that the suit will not proceed in one court or the other."

Our determination that the order transferring the cause to the

128 M.—6.

Federal district court is not appealable, forbids a consideration of the right to a removal on the merits.

It also follows that, the cause having been removed and the files transferred, it should not have been placed on the district court calendar of Waseca county for trial, and the court rightfully struck it therefrom.

The appeal from the order transferring the cause is dismissed and the order striking it from the calendar is affirmed.